CASE 11—EQUITY—OCTOBER 16, 1880.

# Elizabethtown and Paducah R. R. Co. v. Thompson, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. When land is laid off into lots, streets, and alleys, and lots are sold, each lot-owner has the right not only to use the streets as ways of ingress and egress, but also to have them thrown open to be used by the public in any manner consistent with the uses for which they are established.

2. The occupation and use of the street of a city or town as the site of a steam railroad, does not entitle owners of the fee adjacent thereto to the center of the street to compensation, as for property taken for public uses.

3. The report of the commissioners as to consequential damages will not be disturbed.

4. The court erred in awarding the writ of *habere facias* against the appellants.

H. C. PINDELL FOR APPELLANTS.

1. That part of the judgment brought into question by the cross-appeal is right. (Rowan's heirs v. Portland, 8 B. Mon., 237; Wickliffe v. Lexington, 11 *Ib.*, 163.)

2. Appellees are entitled to no compensation on account of the construction and operation of appellee's road in the street. (Cosby v. O. & R. R. R. Co., 10 Bush, 291; Angell on Highways, 7.)

3. The exceptions to the commissioners' report should have been sustained. (Hord v. Lee, 5 Mon., 65; Bell v. Barrett, 6 J. J. Mar., 520; Cook v. Redman, 2 Bush, 53; 2 B. & Ad., 341; 9 Ad. & Ellis, 463; 4 B. & Ad., 592.)

4. There should have been no judgment for consequential damages. (Heywood v. Mayor, 7 N. Y., 314; Angell on Highways, sec. 311; Cooley's Con. Lim., 558.)

5. The court erred in reserving to itself in the judgment the right to enforce it by issuing a writ of *habere facias*, to put the appellees in possession.

JAMES SPEED FOR APPELLEES.

1. The street is private, not public property. Appellants bought their lot upon the street, not to use it for ordinary purposes, but to open the way for their railroad. This is not the use of their powers under their charter in good faith.

2. Appellants cannot, as lot-owners, lay down its road over the street, whether it be public or private, without authority from the title-holders. (Lex. & Ohio R. R. Co. v. Applegate, 8 Dana, 289; Rowan's ex'r v. Portland, 8 B. Mon., 232; Wickliffe v. Lexington, 11 B. Mon., 155; Wolfe v. Cov. & Lex. R. R. Co., 15 *Ib.*, 407; 17 *Ib.*, 763; Galloway v. City of London, 16 I. N. C.; Webb, &c., v. Manchester & L. R. R. Co., 4 M. & C., 116; 11 Peters, 535; 11 Jurist, 406.)

3. The position of appellants' counsel, that damages can never be given until it is embraced by the city boundary, is somewhat queer. It may never be so embraced, and thus the claim to damages would be destroyed.

S. S. MYERS FOR APPELLEES.

1. Laying out lands into streets, alleys, and lots, with reference to a plan, constitutes a dedication.

2. Such streets and alleys are established not only for the public but for the special convenience of all those who may have purchased adjacent lots.

3. Private property cannot be taken for public use without compensation. (8 Dana, 290; 8 B. Mon., 232; 11 *Ib.*, 155; L. & F. R. R. Co. v. Brown, 17 B. M., 746; 8 *Ib.*, 236; 13 Bush, 637.)

CHIEF JUSTICE COFER DELIVERED THE OPINION OF THE COURT.

The heirs of Alfred Thompson owned a tract of about forty-five acres of land adjoining the southern boundary of the city of Louisville. Commissioners appointed to make partition between them, reported that, considering the land more valuable as town lots than for agricultural purposes, they had made a plat for its partition, upon which Thirteenth, Fourteenth, Fifteenth, and Sixteenth streets of the city, which abutted against the land, were extended through it. Other streets were laid down, and the land divided into squares and lots of the usual size of squares and lots in the city; and they made the partition by assigning certain of the lots to each of the heirs. The report was approved, and deeds of partition duly executed. Some of the lots were sold, and two of them fronting on Fourteenth street, after passing through several owners, were purchased by and conveyed to the appellant. Except these lots, all the lots front-

ing on Fourteenth street are now held by the appellees. under the partition deed, and are used by them or their tenants for gardening purposes, and until thrown open under a judgment in this case, the strip of land designated on the partition plat as Fourteenth street was inclosed with the lots..

The appellant having legislative authority to extend its road to the city of Louisville, located the extension over the land designated on the plat as Fourteenth street, which,. for convenience, we will hereafter call by the name of the street.

The appellant claimed that as the owner of a lot in the tract, and abutting on Fourteenth street, it had a right to have the street thrown open, to be used by the public; and that it then had a right to construct its road along the street without making compensation to those owning lots thereon,. either for the occupation of the street or for consequential injury to the adjacent property. The appellees claimed that they were entitled to compensation for the right of way along the street, and for consequential injury to the adjacent lots.

In order to settle these conflicting claims, the parties made an agreed case.

In the agreement it was provided that if the court should be of the opinion that the appellees are entitled to compensation, the amount should be ascertained by three commissioners to be appointed by it, and to act under its instruction; that either party might except to the report of the commissioners; and that unless the amount adjudged should be paid, the court might enjoin the use of the right of way until payment was made.

The court decided that the street should be opened, but that the appellees were entitled to compensation for the

right of way in the street, and the incidental damage to the lots resulting from the occupation of the street by the track. The commissioners reported, and, on final hearing, the court adjudged that the appellant should pay to the lot-owners, respectively, the amount of compensation fixed by the commissioners. The appellant failing to pay as directed, the court enjoined it from using the track in Fourteenth street, and on the motion of appellees, awarded a *habere facias* to put the appellees in possession of the street.

From so much of the judgment as gives the appellees compensation, and the order awarding the *habere facias*, the appellant has appealed, and the appellees prosecute a cross-appeal to reverse so much of the judgment as directs the street to be opened.

Taking up the questions presented in their logical order, we will first dispose of the question raised by the cross-appeal.

For the appellees it is contended that this part of Fourteenth street, being outside the corporate limits of the city, and consequently never accepted by the municipal or any other legal authority, it has not become a public highway.

This is true in a qualified sense. The public has a right to use the street when opened as long as it continues open. But no authority acting for the public having accepted it as a highway, the right of the public to use it as such is subject to be defeated whenever all the owners of the abutting land shall agree to close it. But it is well settled that when land is laid off into lots, streets, and alleys, and lots are sold, each lot-owner has a right, not only to use the streets as ways of ingress and egress, but to have them thrown open, to be used by the public in any manner not inconsistent with the uses for which streets are established.

In Rowan's heirs v. Portland (8 B. Mon., 232), Chief Justice Marshall, speaking for the court, said:

"The right which, as we suppose, passes to the purchasers of lots as appurtenant thereto, is not the mere right or privilege that each purchaser may use the streets and other public places according to their appropriate purposes; but the right acquired by each purchaser is, that all persons whatever, as their occasions may require or invite, may so use them; or, in other words, we suppose the sale and conveyance of lots in the town, and according to its plan, imply a grant or covenant to the purchasers that the streets and other public places indicated as such upon the plan shall be forever open to the use of the public, free from claim or interference of the proprietor inconsistent with that use. It is not necessary, therefore, to presume or imagine a grant to the public in order to ascertain the right of use in the public; nor is it necessary to assume that there may be a grant without a grantor, or to say that the title may remain in abeyance until there is a grantee capable of taking."

And in Wickliffe v. City of Lexington (11 B. Mon., 155), the court, per Judge Simpson, used this language:

"Nor can it be doubted that every purchaser of a lot acquired an interest in the streets, not only as an evidence of the position of his purchase, but also as a medium of communication that increased the value of his property and afforded all the advantages and facilities that might be derived from their use as public thoroughfares. And this right acquired by the purchasers of lots was not the mere privilege of using the streets themselves, but a right to have them kept open to the use of the public, free from all claim or interference of the proprietor inconsistent with that use." (Rowan's ex'rs v. Town of Portland, 8 B. Monroe, 237.)

And again:

" The fact that the alleged title to some of the streets has not been conveyed by the proprietor to the trustees of the town cannot impair the right of the purchasers or their grantees, or the public at large. If the dedication did not *per se* operate to transfer the title to the trustees of the town, still the proprietor held it as a trustee, subject to this public use, and was as much bound to maintain it and preserve it from all disturbance or diminution as public trustees would have been." (Rowan's ex'rs v. Town of Portland, *supra.*)

We are, for these reasons, of the opinion that the appellant, as owner of lots within the territory laid out into streets and lots in the partition already referred to, has a right to have the street opened, and kept open.

It is contended, however, that the appellant has no right to own and hold the lots conveyed to it, and therefore no right to require the street to be opened.

Its charter declares, that "it shall be capable of purchasing, holding, selling, leasing, and conveying real estate not exceeding ten thousand acres, and personal estate so far as the same may be necessary for the purposes of the corporation."

The appellees contend that under the rule that grants to private corporations are to be strictly construed, that this provision is not to be taken to authorize the appellant to purchase and hold land except such as may be necessary for corporate purposes, and that as it does not appear that the lots in question are necessary for such purposes, it has failed to manifest any right as lot-owner. Waiving the inquiry whether the appellant's right to acquire and hold the title can be thus raised, and also the question as to the

extent of its right to hold land, we are of the opinion that having an unquestioned right to acquire and hold such real estate as may be necessary for corporate purposes, and the lots in question being adjacent to its track within a short distance of its terminus, we ought to assume that it is held for legitimate uses. The burden was on the appellees to show that the lots were not such as it could lawfully hold.

.We are, therefore, of the opinion that the judgment ordering the street to be opened should be affirmed.

2. It must now be regarded as the settled law of this state, that the occupation and use of the streets of a town or city, as the site of a steam railroad, does not entitle adjacent proprietors who own the fee to the center of the street to compensation as for property taken for public use.

⚬ But while this is true, it is also true that the very decided weight of authority in the United States is against the rule established here, and that there are very many weighty reasons against it. And while we entertain no thought of receding from a doctrine so well established by our learned predecessors, we are not disposed to extend the rule to cases differing materially from those to which it has already been applied.

This case does not fall within the rule. Fourteenth street, outside of the corporate limits, is yet private property. The public has no easement in it. The easement is in the lot-owners; and whatever use the public may make of it is based solely on the private right of the lot-owners, and may be terminated by their unanimous voice at any moment. In streets within the corporate limits, which have been accepted by public authority, the rule is different. There the easement is in the public, and the use of the street for a steam railroad track is held to be a legitimate use of the

easement; and the rule that such use of the street is not a new servitude rests upon that ground, and upon that alone. In this case the reason fails, and rule based upon it must also fail.

The appellant's only right in the street or its use is as lot-owner. It has no right not possessed by every other person. owning a lot on the street. It cannot have any right derived from or through the public, because the public itself has no right to the street or to its use.

3. The appellant claimed in the court below to have the value of the use, until such time as the city limits will be so extended as to include that part of Fourteenth street within the corporation, ascertained; but the court refused to attempt to make such an estimate, and we think properly.

In the first place, such an estimate seems to be wholly impracticable, and in the second place, the appellant has no right to assume that when the city limits are extended, Fourteenth street, now outside, will remain in such condition that the public authorities will have a right to accept it, and thus make it an ordinary public street.

Moreover, this proceeding is for the purpose of depriving citizens of their property without their consent, and in such cases the courts have no right to indulge in vague and uncertain speculations as to the future. The estimate must be made in view of the situation and circumstances existing at the time, and ought not to be affected by anticipating future events, which may never happen.

We will not say if the appellant had sought to acquire the use for a specified time, that it might not have done so, and in that case the estimate of compensation would have been limited to the time designated. But this was not done, and under this proceeding it will acquire the right of way for the

whole period of its existence as a corporation, and cannot reduce the compensation to the owners by assuming that a time will come when the public will have an easement in the street, and that it will be entitled from thenceforward to use the street as a site for its road without compensation to the owners of the fee.

The commissioners do not give anything for the land in the street that is actually taken, and the amounts allowed for injury to the adjacent lots seems to us to be large; but the commissioners went on the ground and made the estimate from their own view and personal knowledge of the value of the adjacent property, and their opinions as to the injury that will result to the appellees from the occupation of the street by the appellant's road. No evidence was taken by either party, and there is nothing in the record upon which we are enabled to say that the damages allowed are excessive.

But we are of the opinion that the court erred in awarding the writ of *habere facias*. The agreed case provided that the appellant might proceed at once to lay down its track in the street, and in case the compensation awarded was not paid, that the appellant should be enjoined from the further use of the street until it was paid. It was competent for the parties to waive their right to dispossess the appellant, and having done so, they should be restricted to the remedy by injunction.

The order awarding *habere facias* is reversed; in all other respects the judgment is affirmed, both on the original and cross-appeal.