## Newport Pressed Brick & Stone Co. v. Plummer.
## Plummer v. Newport Pressed Brick & Stone Co.

(Decided September 27, 1912.)

## Appeals from Campbell Circuit Court.

1.  Land—Owner Laying Out Building Lots—Dedication of Streets.
    —Where the owner of land lays it out in building lots, streets
    and alleys, and exhibits a map of it, which defines the lots,
    streets and alleys, though the streets and alleys are not yet
    actually opened, and sells the lot as bounded by such street or
    alley, this is an immediate dedication of such street or alley to
    the use of the purchaser and to the public.

2.  Same—Street—Where a Subdivision Leaves Open Strip of
    Ground for Street—Not Allotted to Any Heirs—Dedication.—
    Where, in an action for that purpose, land was subdivided by
    commissioners, and a space fifty feet in width was allotted
    to none of the heirs, but was left open as a street, a subsequent
    trustee was without power to convey it, or any interest in it,
    and one purchasing it having full knowledge of the existence of
    the street, cannot claim it as an innocent purchaser.

FRED B. BASSMAN, OTTO WOLFF for appellant.

SAMUEL C. BAILEY, AUBREY BARBOUR for appellee.

OPINION OF THE COURT BY JUDGE WINN—Reversing
on the First, and Affirming on the Second Appeal.

The lands of Colonel James Taylor, suburban to New-
port, Kentucky, were subdivided by commissioners ap-
pointed in an action prosecuted in the Campbell Circuit
Court for that purpose. A long tier of lots were laid off
fronting on Grand avenue. Back of this tier and away
from any street a boundary of some fourteen acres of
ground was alloted to certain of his heirs, and now by
mesne conveyances has become the property of the New-
port Pressed Brick & Stone Company. At the southern
end of this boundary and extending from it out to Grand
avenue is a space of ground some 50 feet in width which
the commissioners allotted to none of the heirs, leaving
it open as a way from this boundary out to Grand
avenue. A subsequent trustee of the Taylor estate, in
September, 1908, conveyed this strip of ground to Mrs.
Carrie B. Plummer, who thereupon built a fence across
it. The brick company thereupon brought suit against

Mrs. Plummer for an injunction requiring that the strip be opened and kept open. The trial court adjudged it a right of way over the strip but limited it to 15 feet in width. The company appeals, claiming the right over the entire width. Mrs. Plummer appeals because the right was adjudged at all.

When the commissioners came to divide the land, they used as a general basis a plat which had theretofore been made by a trustee of the Taylor property in subdividing, platting and selling the property into city lots. The plat made in the circuit court, and the division based upon it substantially followed this former subdivision plat, though there were some changes in the sizes of the lots. This prior subdivision plat made by the trustee also left open the strip of ground in controversy. It is certain from the record that this strip was to be left open as a way or street incident to the general scheme of the suburban lot subdivision.

The trial court's opinion, in adjudging the brick company a right of way over the strip, predicated itself upon the case of Cook, et al. v. Down, 124 S. W., 838. This case was one of a farming passway, where the right allowed was merely an easement for travel; and this doubtless influenced the mind of the trial court in limiting the brick company's right over the strip to a particular 15 foot portion of it. But in the case at bar we are not to apply merely the rules incident to a customary farm passway; for here the ground was platted and laid out as a city or suburban subdivision of a city. In such cases the rule is well stated in Schneider, etc. v. Jacob, etc., 86 Ky., 101, thus: "The principle is well settled that where the owner of land lays the same out in building lots, streets and alleys, and exhibits a map of it, which defines the lots, streets and alleys, though the streets and alleys are not yet actually opened, and sells the lot as bounded by such street or alley, this is an immediate dedication of such street or alley to the use of the purchaser and to the public." The opinion then remarks that the principle applies primarily in the interest of the purchasers of the lots who invest their money upon the faith of the implied assurance by the seller's map that what are shown as streets and alleys are to be streets and alleys, and are not to be the private property of the seller; and that when lots are purchased with clear

reference to such streets, the streets at once become ir-
revocably dedicated not only to the personal convenience
and necessities of the purchasers, but to the use of the
public.  Nor is it necessary that the ways be accepted
by the city or town, since those who buy upon the seller's
plat buy upon the strength of his dedication of the ways
to the common and public use, independent of whether
the city may accept them.   The case quoted has been
followed in many later cases from this   court, among
which are City of Covington v. Hall, 98 S. W., 317, and
City of Louisville v. Mutual Life Ins. Co., 147 Ky., 141.
The plats in evidence all show this strip of ground as
open at the end and where it connects with Grand avenue
while all other lots are entirely enclosed.  The surveyor
who made the plat for the commissioners on partition
testified that though a lot number was placed  on  this
strip, it was not allotted to any of the Taylor heirs, but
was left for an outlet for the land now owned by the brick
company; and that the Grand avenue line of this strip
was shown unenclosed on the plot because at the time of
the division "it was left for a street," an outlet to the
land now the property of the  brick  company.   Mr.
Charles W. Nagel, one of the commissioners on parti-
tion, testified that this strip was not allotted to any of
the heirs, but that the engineer was directed to plat it
for an inlet to the land now owned by the brick company.
Clearly in making partition of all these lots and lands
among the Taylor heirs, the fact that this strip was al-
lotted to none of them, but was left unenclosed upon the
plat, coupled with the testimony detailed, is conclusive
of the dedication of it to the general subdivision scheme.
The Taylor estate, therefore, was without right to con-
vey it, or any interest in it, to Mrs. Plummer.

And now as to Mrs. Plummer.  It is alleged in the
petition and not denied in the answer that at the time
of the deed to her, she had full knowledge of the subdi-
vision and the existence of this street.  Of course, there-
fore, she could not claim as an innocent purchaser.  But
independent of that fact her title and the brick  com-
pany's title both run back to the partition proceedings
in the circuit court, of which the plat on partition was
a part.  It was a link in her chain of title, of which she
must take cognizance.

It is also argued for Mrs. Plummer that the  brick
company by accepting a deed to its property  with  a

reference in its calls to lot 56 is estopped to deny that this strip of ground with that number on it is a lot. No such estoppel is plead; hence she cannot take advantage of it. It is, therefore, unnecessary to discuss her con-tention.

It is also argued for her that this larger boundary owned by the brick company was not a part of the sub-division. True, it was not platted into lots; but it was allotted in the general division with the lots, lay behind them, and what would have been a dwelling lot was re-served for the street or way to it. Immediately upon the other side of it was another suburban lot subdivision of the Taylor property. This lot fairly is to be treated as a part of the general scheme of the subdivision, and to have appurtenant to it the principles applicable to subdivision properties.

The brick company bought and owns another way to its property; and Mrs. Plummer says, therefore, that since this strip is not a way of necessity to it, it should be denied the way over it. Not so; for its rights in this strip were its own property rights, not to be defeated because it bought other rights. Estep v. Hammon, 104 Ky., 144.

The judgment on the brick company's appeal is re-versed with directions to the trial court to enter a judg-ment enjoining the keeping obstructions off of the en-tire strip. On Mrs. Plummer's appeal the judgment, which was less against her than it should have been, is affirmed.