## Alsip, et al. v. Hodge.

(Decided May 11, 1926.)

Appeal from Whitley Circuit Court.

1. Nuisance.—Private individuals seeking relief against public nuisance must show injury to them distinct from that to general public.

2. Municipal Corporations.—Obstructions to public streets and passways are public nuisances.

3. Municipal Corporations—Only Owners of Lots in Block Suffer Injury from Obstruction of Street or Alley Distinct from that to

General Public.—Only owners of lots in city block embracing street or alley, obstruction of which is nuisance complained of, suffer injury distinct from that to general public.

4. Municipal Corporations—Petition to Compel Removal of Obstructions from Streets and Alley Held Fatally Defective in Not Alleging Plaintiffs' Ownership of Lots in Block.—Petition to compel removal of obstructions from streets and alley held fatally defective in not alleging that plaintiffs owned any lots in block embracing such streets and alley.

5. Pleading—Allegation that Plaintiffs are Interested in Use of Streets and Alley, and that Such Use is Necessary to Give Access to and from Their Lots, Held Mere Conclusion, Not Showing Injury Distinct from that to General Public.—Allegation of petition to compel removal of obstructions from streets and alley that plaintiffs are interested in use thereof, and that such use is necessary to give access to and from lots owned by them, held mere conclusion, insufficient to show injury distinct from that to general public.

STEPHENS & STEELY for appellants.

HENRY C. GILLIS for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Appellants, as plaintiffs below, instituted this action. The appellee demurred to the petition, and the demurrer was sustained. Appellants amended and the demurrer was renewed. The trial court again sustained the demurrer, and, upon appellants' declining to plead further, dismissed their petition as amended. The appeal is prosecuted from that judgment.

The appellants sought by this action to compel the appellee to remove certain alleged obstructions from Mitchell and Maynor streets and an alley between them in Corbin, Kentucky. The petition alleged that the appellee owns a lot facing on Mitchell street and one facing on Maynor street; that there is an alley between those two streets which runs parallel with them; that the back of appellee's lots is the line of the alley; that his two lots lie on the opposite sides of the alley; and that he has erected a fence and inclosed both lots into one by extending the fence across the alley. The petition also alleges that his fencing extends slightly into the two streets on which his lots face. The petition further alleges that the lots in question are a part of the West End Land Company's addition to Corbin, Kentucky, which consists of

16 separate blocks, the two lots owned by appellee being a part of one of those 16 blocks.

It has long been established in this jurisdiction that private individuals seeking relief against a public nuisance must show that they suffer an injury distinct from that suffered by the general public. In Illinois Central Railroad Company v. Covington, et al., 211 Ky. 825, that question was fully discussed and the authorities sustaining that doctrine were there cited.

Obstructions to public streets and passways have uniformly been held to be public nuisances, as the opinions referred to in the Covington case, *supra,* will disclose. In Maxwell v. Fayette National Bank, 186 Ky. 625, 217 S. W. 690, it was said:

> "We therefore have no trouble in sustaining the chancellor's finding of fact, that the obstructions placed in the sidewalk by defendant, even if a public nuisance, have occasioned the appellants no special or peculiar injury. That under such circumstances they are not entitled to injunctive relief to abate a nuisance is the clearly established rule in this jurisdiction."

Where the nuisance complained of is alleged to be the obstruction of a street or alley in the limits of a city whose area is laid off in city blocks bounded by streets, this court has uniformly held that none save those owning lots in the particular block in question can be said to suffer an injury distinct from that suffered by the general public. The latest utterance of this court on the question may be found in Davis v. City of Paducah, et al., 213 Ky. 407, where the question was fully discussed and the authorities supporting the doctrine were cited.

When appellants' petition is considered in the light of the foregoing principles of law, adhered to in this jurisdiction, we find it to be fatally defective in this particular. It is not alleged that appellants or any of them own any of the lots in the particular block where it is charged that appellee has obstructed the alley. The allegation in the petition that appellants "are interested in the use of both Mitchell street, Bishop street and the alley way running between said lots and the use of said streets and alleys is necessary to give access to and from their free use of the property and lots so owned by them," is merely a conclusion and is insufficient to take

the plaintiffs out of the class of the general public affected by the public nuisance charged in the petition into the class of those suffering an injury distinct from that suffered by the general public so as to enable them to maintain the action. To bring themselves within that special class, under the rule announced in Davis v. City of Paducah, et al., *supra,* it was necessary for appellants to allege that they owned lots in the particular block where it is alleged the obstruction was placed in the alley and streets. Lacking that allegation the petition was fatally defective, and the trial court properly sustained the demurrer which challenged its sufficiency.

Wherefore, the judgment is affirmed.