## Volpenheim, et al. v. Westerfield.

(Decided October 19, 1926.)

### Appeal from Kenton Circuit Court
### (Criminal, Common Law and Equity Division).

1. Dedication—Right to Use Streets Laid off in New Subdivision, After Plat Dedicating them to Public was Recorded, Held to Extend to Purchaser, Under Previous Plat, of Lot Adjoining Such Street, Regardless of Municipality's Acceptance.—Right to use streets laid off in new subdivision, after plat dedicating them to public use was recorded, held not confined to purchasers of lots in such subdivision, but extends to public generally, including purchaser, under previous plat, of lot adjoining new street, regardless of whether municipality had accepted such street.

2. Municipal Corporations.—Property owner within block where street had been obstructed may maintain action to enjoin nuisance.

O. M. ROGERS for appellants.

A. L. INSKEEP for appellee.

Opinion of the Court by Commissioner Sandidge— Affirming.

This appeal presents a pure question of law. The facts, concerning which there is no dispute, are these: In 1891, Lucy J. Mason, who owned a tract of vacant and unimproved land lying in the corporate limits of the then town of Latonia, but now within the city of Covington, Kentucky, subdivided a portion of it into town lots; caused a plat to be made, giving numbers and dimensions of the lots of the subdivision and the location of the streets therein, which was duly acknowledged by her and her husband and recorded. Lot No. 84 of that subdivision faced on Park avenue, one of its streets, but touched no other street. That lot was sold and its title has passed by mesne conveyances, and appellee, Palo Alto Westerfield, owned it at the time this controversy arose.

In 1919 the People's Savings Bank & Trust Company, as trustee of the Lucy J. Mason estate, subdivided the remainder of the tract of land, caused a plat of the subdivision to be made showing the number and dimensions of the various new lots and new streets, alleys and driveways, which it acknowledged and caused to be recorded, the certificate of acknowledgment expressly dedicating the streets, driveways and alleys shown thereon

to public use. The lots and streets of the previous subdivision were also shown on the latter plat. When the new subdivision was surveyed and platted a new street 22 feet wide and 120 feet long was laid off extending from Park avenue east with the south line of appellee's lot No. 84 beyond the full depth of that lot. Appellants, Joseph Volpenheim and George B. Morgan, purchased lots in the new subdivision which face that new street. When the new subdivision was made providing the new street, which runs east and west with the southern line of his lot, appellee, in the belief that he had the right to do so, undertook to use it as a means of ingress to and egress from his lot No. 84 of the subdivision. Appellants, in the belief that he did not have the right to do so, prevented him from using it by so obstructing it as to accomplish that end. Appellee instituted this action to enjoin appellants from interfering with his use of the street in question, and appellants defended upon the theory that under the facts above appellee has no right to use the street in question and that they have the right to prevent him from doing so by the means they have used. Upon the hearing below the chancellor granted appellee the relief sought and enjoined appellants from interfering with his use of the street. Hence the appeal.

Appellants' contention, as presented by brief of counsel, is:

"The laying off of lands into lots, streets and alleys, and the making and recording of a plat, showing the streets and alleys, and the sale of lots with reference to said plat, entitles the purchaser to an easement in the street indicated on the plat, and this easement impliedly passes to the purchaser as appurtenant to his lot, which he may in turn pass by deed, but this right or easement does not pass to one who purchased before the plat was made and the street dedicated."

He cites and relies upon the following opinions of this court to support that contention: Hoskins v. J. B. Wathen, 20 K. L. R. 814; Henderson v. Fahey, 7 K. L. R. 289; Williams v. Poole, 103 S. W. 336; Rowan's Ex'ors v. Town of Portland, 8 B. M. 232; Elizabethtown & Paducah R. R. Company v. Thompson, 79 Ky. 52; Newport Pressed Brick Company v. Plummer, 149 Ky. 534; Lex-

ington & Ohio R. R. Company v. Applegate, 8 Dana 289; Town of West Cov. v. Ludlow, 12 K. L. R. 783; Sanford v. City of Cov., 12 K. L. R. 450; Wickliffe v. City of Lexington, 11 B. M. 155. The cases cited do not support the proposition advanced, but sustain appellee's contention that when the new subdivision was made and the new streets were laid off and the plat dedicating them to the use of the public was recorded, the right to use such streets is confined not merely to the purchasers of the lots of the subdivision but extends to the public generally; and that the right of the public generally to use them is not contingent upon the acceptance of the street by the municipality wherein it is situated. In the Hoskins case, *supra,* it was written:

> "Although the city did not accept the dedication of the street previous to the institution of this suit, still, under the adjudications of this court, it was dedicated to the public use when the property was laid off into lots and streets, the plat of it recorded and the sale of lots made with reference to the streets and alleys. Hoskins has an easement in the street notwithstanding the general council had not accepted or improved it."

In Newport Pressed Brick & Stone Company v. Plummer, *supra,* the following from Schneider, etc. v. Jacob, etc., 86 Ky. 101, was quoted as the rule:

> "The principle is well settled that where the owner of land lays the same out in building lots, streets and alleys, and exhibits a map of it, which defines the lots, streets and alleys, though the streets and alleys are not yet actually opened, and sells the lot as bounded by such street or alley, this is an immediate dedication of such street or alley to the use of the purchaser and to the public."

The Newport Pressed Brick & Stone Company opinion deals fully with the question, and we deem it unnecessary to discuss it further. When the re-subdivision was made in 1919 and the new street was laid off adjoining appellee's lot, by recording the plat of the subdivision showing the location of that street it was dedicated not merely to the use of those who might purchase lots in the new subdivision but to the use of the public generally. While appellee, by the purchase of his lot, one of the lots

of the original subdivision, acquired no right to an ease-
ment or passway over the land now covered by the new
street, and he acquired no right to same as an appurten-
ance of the lot he purchased, yet when the land imme-
diately adjoining his lot was dedicated as a street to
public use by the subdivision of 1919, since that street by
what was then done was dedicated to the use not only of
purchasers of lots in the new subdivision but also to the
use of the public generally, appellee as a member of the
public acquired the right to use the street in question for
the purposes for which it was dedicated.

Contrary to appellants' contention, this case falls
clearly within the rule that permits one who owns prop-
erty within the block in a case where a street has been
obstructed to maintain an action to enjoin the nuisance
because under those facts he is held to suffer injury dis-
tinct from that suffered by the general public.   See Davis
v. City of Paducah, et al., 213 Ky. 407; and Alsip, et al.
v. Hodge, 214 Ky. 438.

Finding no error in the judgment appealed from it
will be affirmed.

Judgment affirmed.