## Rudd et al. v. Kittinger.

February 4, 1949.

316

Hubert Meredith for appellants.

J. H. Thomas for appellee.

OPINION OF THE COURT BY CLAY, COMMISSONER—Reversing.

Appellants filed this suit to enjoin the maintenance of a fence by appellee on what is known as Catalpa Street in the town of Rumsey, and to recover damages for the maintenance of a nuisance on or near that street. The Chancellor dismissed appellants' petition.

Rumsey is a small town with a population of approximately 350 people. In 1836 the owner of the tract of land on which this community is situated filed with the

Clerk of Muhlenberg County a "Plan of the Town of Rumsey". On this plat rectangular city blocks were laid out and numbered, and an explanatory note provided that all streets should be 80 feet wide.

Appellants' property is on the east side of Catalpa Street, and is opposite the lots owned by appellee. Evidently Catalpa Street has never been used as a public passway for the full width of 80 feet. A twenty foot strip adjacent to appellants' property has been improved and is used as a highway.

Some time in the early thirties appellee erected a fence in front of his property which appellants claim extended out into the street. In 1943 he extended this fence, which now faces appellants' lots. It roughly parallels appellee's property lines, and at one point is 52 feet from such property line out in the 80 foot street area.

Appellee's principal defenses to this action appear to be: Catalpa Street as shown on the recorded plat was not effectively dedicated to the public, at least insofar as appellants are concerned; and appellants do not come into court with clean hands because they themselves have appropriated the use of an adjoining cross-street.

Appellee's first contention is based mainly on the fact that appellants do not trace their title by record back to the original owner who laid out the plan of the town. It is true appellants' deeds do not describe their property by lot number, but there is evidence to the effct, and it is not disputd by appellee, that they do own four lots opposite his property which border on Catalpa Street. On the other hand, the deeds of appellee specifically refer to lots by number and to the plan of the town of Rumsey.

It was not necessary that the town of Rumsey be incorporated to accept the dedication of this street, nor that appellants be purchasers of their particular lots by a reference to the original plat. Volpenheim et al. v. Westerfield, 216 Ky. 157, 287 S.W. 545. It is the generally accepted rule that where the owner of land lays it out in building lots and streets, and exhibits or records a map of it, those purchasing the lots are entitled to rely upon the dedication of ways which are clearly referred to or specified on such map. See Williams v. Poole, 31 KLR 757, 103, S.W.. 336, and Newport Pressed Brick & Stone

Co. v. Plummer, 149 Ky. 534, 149 S.W. 905. In this case the evidence was clear that Catalpa Street, 80 feet in width, had been dedicated to public use, and appellants had an easement therein.

Appellants filed as an exhibit a survey of Catalpa Street and adjoining properties which had been made by a qualified engineer. This showed that appellee's fence is locatd well out in the street. Since appellee introduced no evidence attacking the accuracy of this survey, it must be accepted as sufficiently defining the boundaries of the street.

The proof establishes that appellee has appropriated to his own use a portion of a dedicated public street in the town of Rumsey. Upon the authority of Volpenheim et al. v. Westerfield, 216 Ky. 157, 287 S.W. 545, above discussed, appellants have a right to maintain this action.

Appellee also maintains that appellants do not come into court with clean hands. This defense is based on the fact, supported by the evidence, that appellants themselves have appropriated to their own use a portion of Fourth Street, which intersects Catalpa Street and lies between two of appellants' lots. Appellee relies on Sowards v. Commonwealth et al., 297 Ky. 613, 180 S.W.2d 545, which involved a dispute over an abandoned county road. As a secondary ground for denying relief by way of injunction, the Court decided that since the plaintiff had taken over the exclusive use of the way in front of his property, he would not be heard to complain that his neighbor had done the same thing. It was clear in that case the same roadway was obstructed by both parties; the plaintiff had completely blocked it; and he would receive no benefit whatsoever by the issuance of an injunction. In the present case the appropriation of part of a side street (which apparently has not been used as a passway) does not destroy appellants' right to have a principal thoroughfare in front of his property kept open for its full dedicated use.

The Chancellor should have enjoined appellee from maintaining the fence in Catalpa Street and otherwise using this street so as to interfere with the rights of appellants and the public.

We believe the Chancellor also erred in finding for

appellee on the issue of maintaining a nuisance, which consisted of keeping hogs under such conditions as to pollute the atmosphere of appellants' home. The evidence was most substantial that appellants suffered inconvenience and discomfort due to offensive odors emanating from appellee's pens. The principal item of damage claimed consisted of depreciation in the value of appellants' property. This injury will be removed, and the rights of the parties protected if appellee is required to abate this nuisance. Therefore, the Chancellor should enjoin its continuance.

For the reasons stated, the judgment is reversed with directions to enter proper orders consistent with this opinion.