**W. B. CALL et al., Appellants,**

v.

**Henry GOFF et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 5, 1957.

Francis L. Rice, Pikeville, for appellants.

Baird & Hays, Pikeville, for appellees.

MONTGOMERY, Judge.

The sole question on this appeal is whether the owner of an undeveloped portion of the City of Pikeville dedicated a passway to the public by filing and having recorded in the county court clerk's office a map upon which the passway and various lots were indicated.

Anna Lida Call, one of the appellants, owned a tract of land in the City of Pikeville fronting on U. S. Highway No. 23 and extending back to Levisa Fork of the Big Sandy River. On March 20, 1939, the owner and her husband, also an appellant, divided a part of the property into lots which were made accessible by a T-passway connecting with the highway. The other two ends of the passway were unopened, or dead ends. A map showing the passway and lots designated as Wilana Court was filed of record in the Pike county court clerk's office in March 1939.

The lots within Wilana Court have been sold subject to a restriction for residential purposes. Several residences have been erected. The remaining undivided portion of the Call tract of land was conveyed to appellees on September 8, 1945. It is adjacent to the west boundary line of the court. The stem of the T-shaped passway, as indicated on the map, opens into the property sold to appellees between lots 7 and 15 of the subdivision. The top of the T varies in width between 18 and 20 feet, while the stem of the T is 20 feet wide.

Appellees have erected commercial houses on the front of their tract facing the highway. A small alley alongside the west boundary of the court extends from the highway to the stem of the T-shaped passway. It provides access to the residence built by appellees on the lot adjacent to the west boundary of lot 15.

Appellants contend that there was no intention to dedicate the passway shown on the map to the public or to the use of appellees, there was no acceptance of any dedication, and a court, as described on the map, is a place of privacy. It is urged that none of the requirements of KRS 94.370 concerning dedication of public ways has been met. It was shown that the purchase and use by appellees of the undeveloped portion of the Call tract was made in reliance on the recorded map showing the passway and its opening into the property purchased. No strip of land was reserved by appellants between the base of the T-stem and the land sold to appellees. The passway was used by appellees and others of the public for several years before a fence was constructed across the passway on the boundary line next to appellees. This fence was maintained by appellants for a short time in 1955, but was removed just before this action was filed.

The general rule is that the recordation of a plat and the subsequent sale of lots therefrom is presumptive evidence of a dedication of the streets laid out thereon to public use. W. T. Congleton & Co. v. Roberts, 221 Ky. 712, 299 S.W. 579; Cohen v. Board of Trustees of Immanuel Baptist Church, Ky., 276 S.W.2d 26. Purchasers of land indicated on a map are entitled to rely upon the dedication of ways which are clearly referred to or specified on such map. Rudd v. Kittinger, 309 Ky. 315, 217 S.W.2d 651. This is true even though the land may be adjacent to the land subdivided. Newport Pressed Brick & Stone Co. v. Plummer, 149 Ky. 534, 149 S.W. 905. Such is the case here. The principles involved are fully discussed in the Newport Pressed Brick & Stone Co. case and were approved in Cassell v. Reeves, Ky., 265 S.W.2d 801. The Chancellor's ruling is correct.

Judgment affirmed.