**CITY OF DRUID HILLS et al., Appellants,**

v.

**BROADWAY BAPTIST CHURCH, A Corporation, Appellee.**

Court of Appeals of Kentucky.

May 2, 1958.

As Modified on Denial of Rehearing
Oct. 31, 1958.

J. W. Jones, Louisville, for appellants.

James W. Stites, Louisville, for appellee.

WADDILL, Commissioner.

The Broadway Baptist Church, A Corporation, filed this action against the City of Druid Hills and other parties to enjoin them from interfering with the removal of guard rails and other obstructions placed upon Olympic Avenue which prevent traffic from using the street for ingress to and egress from plaintiff's property located at the dead-end of the street. The complaint also asked that the Church be permitted to pave the six-foot portion of Olympic Avenue lying between plaintiff's property and the paved portion of the street. The Chancellor entered a judgment granting the relief sought by the plaintiff, and the defendants have appealed.

Druid Hills is a city of the sixth class. It is conceded that Olympic Avenue is a public street, dedicated to the city by a recorded instrument for that purpose, and that it extends from Chenoweth Avenue eastwardly to the line of the church property. The avenue is wholly within the territorial limits of Druid Hills.

Appellants urge that the city has the exclusive right to determine whether it will keep Olympic Avenue open to traffic and that it also can decide the extent and character of the improvements it will permit to be made on its streets. To support its contentions, the appellants rely principally upon the provisions of two statutes: First, KRS 88.080 which provides:

"The board of trustees of the city may * * * do and perform any and all acts and things necessary or proper to carry out the provisions of the laws relating to cities of the sixth class, and may enact and enforce within the city limits all local, police, sanitary and other regulations not in conflict with general laws."

And secondly, KRS 94.292(3) which provides:

"* * *, the city legislative body shall have full power to determine what public improvements shall be made, the extent and character of the improvement, the kind of material to be used, and the necessity for the improvement, and its determination shall be final. * * *."

While it is apparent that those statutes confer upon the governing authorities of cities of the sixth class the power to reasonably regulate the use of their streets, yet such cities are required by the mandatory provisions of KRS 94.670 to keep open all public ways dedicated to the city. This statute provides:

"The city legislative body in cities of the sixth class may cause to be removed any obstructions in the streets of the city. It shall cause to be opened any public way dedicated to the town that is closed, but before doing so shall give to the adjacent property owners one month's notice thereof."

The Chancellor correctly determined that it was the duty of the governing body of Druid Hills to open Olympic Avenue and to make it available for public use in conformity with the purpose for which it was dedicated. Morrow v. Richardson, 278 Ky. 233, 128 S.W.2d 560; Volpenheim v. Westerfield, 216 Ky. 157, 287 S.W. 545. Since the city could have been compelled to remove the obstructions on Olympic Avenue that prevented the free use of the travelled portion of the street (KRS 94.670), we have concluded that the Chancellor did not abuse his discretion by issuing a restrictive injunction prohibiting the appellants from interfering with the removal of the obstructions. Gregory v. Crain, 291 Ky. 194, 163 S.W.2d 289; 28 Am.Jur., Injunctions, Sec. 35, pp. 230, 232.

Under KRS 94.292(3) the legislative body of the City of Druid Hills has the right to determine the character of improvements to be made upon its streets. However, pending that determination, the Chancellor had the power to authorize appellee to pave the six-foot strip of the street which was obstructed. To hold otherwise would, in effect, render ineffectual the public's right to the full use of the street for the purposes and intents for which the street was dedicated. KRS 88.010.

As a further defense to this action appellants contend that appellee was guilty of laches by failing to reasonably assert its claim to the prejudice of appellants. The record supports the view that appellee has made a diligent effort to enforce its right, and that of the public, under KRS 88.010 and KRS 94.670 to compel the city to keep the street open for the purpose for which it was dedicated. We uphold the Chancellor's findings rejecting this contention.

It is finally insisted by appellants that the church property does not abut on Olympic Avenue and therefore the appellee has neither the legal right to use the avenue as a means of ingress to and egress from the church property, nor the legal right to maintain this action. Both contentions are frivolous because appellee's property does abut at the east end of the street. See, Volpenheim v. Westerfield, 216 Ky. 157, 287 S.W. 545; Alsip v. Hodge, 214 Ky. 438, 283 S.W. 392.

Judgment affirmed.