KRZEWINSKI ET AL., APPELLEES, *v.* EATON HOMES, INC., APPELLANT; ET AL., APPELLEE.*

(No. 1420—Decided November 12, 1958.)

*Mr. John P. Gallagher,* for appellees David R. and Guinevere L. Krzewinski.

*Messrs. Baird & Alexander,* for appellant.

*Mr. R. L. Hirsch,* for appellee Buckeye Pipe Line Company.

HUNSICKER, P. J. David R. Krzewinski and his wife, Guinevere L. Krzewinski, filed an action in the Common Pleas Court of Lorain County, in behalf of themselves and all others similarly situated, to compel Eaton Homes, Inc., the appellant herein, "to specifically perform its agreement with plaintiffs

---

*Motion to certify the record overruled, March 18, 1959. Appeal dismissed, 169 Ohio St., 86.

and all others similarly situated, by ordering said defendant [Eaton Homes, Inc.] to install or to provide for the installation of Alton Drive as a through and uninterrupted street * * *."

Eaton Homes, Inc., laid out a subdivision in Eaton Township, Lorain County, Ohio, bordering Island Road and the Elyria-Twinsburg Road (Route 82). The plat of this subdivision, dated February 1, 1955, was approved by all of the necessary parties, and thereafter recorded on April 8, 1955, in volume 17, page 38, of the records of plats of Lorain County, Ohio. This plat, among other things. shows a street, designated as "Alton Drive," running from Eaton Boulevard to Elm Road, and paralleling Island Road, a previously-existing highway. The plat shows that there are three streets which intersect Alton Drive and run into Island Road. They are, from south to north, Elm Road, Mencl Road and East Road.

Eaton Homes, Inc., built two houses on Island Road for display purposes before any work was done in laying out and grading the streets, lots, or other areas, of the subdivision.

On August 2, 1955, Mr. and Mrs. Krzewinski signed an offer, to buy a house and lot, which reads in part as follows:

"The undersigned hereby agrees to purchase the parcel of real estate improved with a 3-bedroom dwelling, known as the National Homes 'B Pacemaker' model. to be located on Sublot No. 90, Alton Road [sic]. in the Township of Eaton, County of Lorain, Ohio, together with all appurtenances belonging thereunto."

This offer was accepted by Eaton Homes, Inc., which later delivered a deed to Mr. and Mrs. Krzewinski, wherein the land was described as follows:

"* * * situated in Township of Eaton, County of Lorain, and state of Ohio, and known as being Sublot 90 in the Eaton Homes Subdivision of part of Lot 36. as shown by the recorded plat of Volume 17 of Maps, Page 38, of Lorain County Records."

The sale of the lot in this subdivision to these plaintiffs. as well as sales to other persons living on Alton Drive, was made by reference to the plat only, since the streets were not laid out, and hence the exact location of a lot could not be determined by an inspection of the premises.

An easement across the subdivision lands existed, prior to the preparation of the plat, in favor of the Buckeye Pipe Line Company. An agreement was entered into between Eaton Homes, Inc., and the Buckeye Pipe Line Company, whereby the latter company consented to a restriction of their easement to a strip 60 feet wide, running east and west through the subdivision along the path designated on the recorded plat as Mencl Road. As a consequence, Alton Drive was barricaded at its intersection with Mencl Road.

In order for Alton Road to be made a through highway across Mencl Road, it will be necessary to encase the pipeline, and do other work to protect the easement of the Buckeye Pipe Line Company.

The Buckeye Pipe Line Company was made a party defendant in the original action, and is an appellee in this court. They have, by answer and cross-petition, asked that their rights be protected, and their title be quieted. They do, however, say, by memorandum filed in this court, and by oral statement of their counsel, that, in the event the issues are decided in favor of Mr. and Mrs. Krzewinski, then Eaton Homes, Inc., has agreed to protect the pipeline.

The trial court decided the issue in favor of Mr. and Mrs. Krzewinski, and, when a journal entry was prepared and placed on record by a deputy clerk of courts, the trial court vacated and set aside such entry, and thereafter prepared a new entry properly signed by the judge. All of this was done within the same term of court.

We do not believe the trial court committed an error in thus correcting his record. A motion was filed herein by the plaintiffs-appellees to dismiss this appeal. We conclude that such motion must be overruled.

The action is before us as an appeal on questions of law and fact.

This case concerns the rights of grantees of lands, purchased with reference only to a recorded plat, to the road abutting such lands, which road, as shown on the recorded plat, is a through highway.

The general rule, with respect to the sale of property by

lot number from a recorded plat, is stated in III American Law of Property, Section 12.103 (p. 406), to be as follows:

"When land is conveyed as a unit, or as part of a unit, of a recorded plat, the plat becomes as much a part of the description as would be the case if copied into the instrument or if the data furnished by it were set out in full."

Statements to the same effect may be found in 11 Corpus Juris Secundum, Boundaries, Section 24, and 26 Corpus Juris Secundum, Deeds, Section 101 b. See also: 2 Tiffany on Real Property (2 Ed.), Section 366 (b) (p. 1319).

The authorities cited in these texts support the statement as set out above.

In the case of *Finlaw* v. *Hunter,* 87 Ohio App., 543, 96 N. E. (2d), 319, the court said, with reference to an undedicated plat, that:

"3. Where a deed describes the lot conveyed by number and reference to an undedicated plat upon which the lot is shown to front upon a street, the grantor is estopped to deny the right of the grantee to use the land for street purposes, and the easement which the grantee acquires is not limited to that part of the described street in front of his lot but it extends to the whole street shown so far as it was owned by the grantor when the deed was executed."

That case arose in Cincinnati, Hamilton County, Ohio, and it did not follow the rule laid down in an earlier case arising out of the district court for Hamilton County, where the rule was stated, in the case of *Huelsman* v. *Mills & Kline,* 12 Am. L. Rec., 301, 6 Dec. Rep., 1192, to be as follows:

"The purchaser of a lot bounded on an unopened street is 'entitled to a right of way over it if it is of the lands of his vendor, to its full extent and dimensions only, until it reaches some other street or public way. To this extent will the vendor be held by the implied covenant of his deed,.and no further.'"

See also: *Scott* v. *Snyder,* 73 Ohio App., 424, 54 N. E. (2d), 157.

An examination of the authorities in other jurisdictions discloses three views with reference to the problem herein.

These views are clearly set forth in a note on the subject in 19 University of Cincinnati Law Review, at page 267 *et seq.*

An extensive annotation on the question of whether such a conveyance as we have herein creates in the purchaser a right to use and enjoy such streets, alleys, parks, or other similar areas, which do not abut the property conveyed, may be found in 7 A. L. R. (2d), at p. 607 *et seq.* The text writers designate these rules as: (1) the "broad" or "unity" rule; (2) the "intermediate," "beneficial" or "full enjoyment" rule; and (3) the "narrow" or "necessary" rule.

We have examined many of the cases cited in the annotation in 7 A. L. R. (2d), *supra,* some of which bear directly on the problem presented in this appeal. We find that some states, such as New York, West Virginia, and Wisconsin, have a conflict in certain of their reported cases.

The fact that the plat of this subdivision was approved by the county commissioners and township trustees does not make the roads delineated thereon county or township roads. See: Section 711.041, Revised Code.

We do not need to consider the question of a dedication to public use of Alton Drive, because the plaintiffs-appellees, Krzewinski, purchased the land and now live in a house abutting on Alton Drive.

We do not consider herein the right of Mr. and Mrs. Krzewinski in nonabutting streets or recreation areas. We are concerned only with their right to have Alton Drive extended across Mencl Road.

We believe that, when Eaton Homes, Inc., displayed to Mr. and Mrs. Krzewinski a plat showing Alton Drive as a through highway across Mencl Road, they impliedly promised to the purchasers that such roadway would be completed as shown on the plat. This promise became a part of the transaction as though written into the offer of purchase and the deed of conveyance. Mr. and Mrs. Krzewinski, upon the purchase of the land, obtained an easement to use Alton Drive for the full length shown on the plat. The better-reasoned authorities support the view above expressed. See: 17A American Juris-

prudence, Easements, Section 39, and 18 Ohio Jurisprudence (2d), Easements, Section 28, and authorities cited in both texts.

One of the early cases on this general subject is *Cook* v. *Totten*, 49 W. Va., 177, 38 S. E., 491, 87 Am. St. Rep., 792, where the court said:

"2. When lands are laid off into lots, streets, and alleys, and a map plat thereof is made, all lots sold and conveyed by reference thereto, without reservation, carry with them, as appurtenant thereto, the right to the use of the easement in such streets and alleys necessary to the enjoyment and value of such lots.

"3. When such land owner refuses to such lot owner the use of such streets and alleys, a court of equity will compel him to specifically perform his contract, and require him to open such streets and alleys for the benefit of such lot owners, although the dedication to public use of such streets and alleys has not been accepted by the public authorities."

This case has been quoted with approval in *Lindsay* v. *James*, 188 Va., 646, 51 S. E. (2d), 326; *Cason* v. *Gibson*, 217 S. C., 500, 61 S. E. (2d), 58; and *Merino* v. *George F. Fish, Inc.*, 112 Conn., 557, 153 A., 301.

In those cases where the street sought to be opened as a through highway abuts the property of one who purchased the land from a plat, as in this case, the majority rule is that such street must be open, so as to be used for travel by the abutting land owner-purchaser, for its full length.

Thus, in the case of *Westbrook* v. *Comer*, 197 Ga., 433, 29 S. E. (2d), 574, the Supreme Court of Georgia said:

"2. Where a deed or grant refers to a plat as furnishing the description of the land conveyed, the plat itself and the words and marks on it are as much a part of the grant or deed, and control, so far as limits are concerned, as if such descriptive features were written out on the face of the deed or grant itself."

To the same effect are the following authorities: *Lagorio* v. *Lewenberg*, 226 Mass., 464, 115 N. E., 979; *Vinso* v. *Mingo*, 162 Pa. Super., 285, 57 A. (2d), 583; *Kerrigan* v. *Backus*, 69

App. Div., 329, 74 N. Y. Supp., 906; *Fiebelkorn* v. *Rogacki,* 280 App. Div., 20, 111 N. Y. Supp. (2d), 898; *Gerald Park Improvement Assn., Inc.,* v. *Bini,* 138 Conn., 232, 83 A. (2d), 195; *Rudd* v. *Kittinger,* 309 Ky., 315, 217 S. W. (2d), 651.

In the instant case the action, as brought by the Krzewinskis, is for specific performance of the contract to open Alton Drive across Mencl Road, by removing the barricades now closing that portion of the highway.

Our examination of the cases shows that the action usually instituted to secure a redress of the alleged grievance is a mandatory injunction to remove obstructions placed in the highway. We do not believe that mandatory injunction is an exclusive remedy. We have herein indicated that the plat of the premises becomes a part of the contract and a part of the deed of conveyance, and that there was an implied promise by the vendor that it would keep Alton Drive open as a through highway if Mr. and Mrs. Krzewinski would buy a lot abutting upon such road. Since we adopt this view, we conclude that specific performance is a proper method to enforce this agreement.

We therefore determine herein, that, when Mr. and Mrs. Krzewinski bought the lot on Alton Drive from a plat prepared and recorded by Eaton Homes, Inc., which lot was designated in the contract of sale and the deed of conveyance by reference to such recorded plat, such plat, with Alton Drive delineated thereon as a highway crossing Mencl Road, became a part of the contract of sale and the deed of conveyance, as though fully written therein; and that there then arose a contract implied from such facts that Eaton Homes, Inc., would have Alton Drive opened across Mencl Road, so that these abutting property owners could travel over Alton Drive, as shown on the plat of the subdivision.

We further determine that Mr. and Mrs. Krzewinski, and all others similarly situated, are entitled to have this contract, set out above, specifically performed by Eaton Homes, Inc., the barricades removed, and Alton Drive opened for travel.

A decree for Mr. and Mrs. Krzewinski, in behalf of them-

selves and all others similarly situated, directing the performance of the acts hereinbefore set forth, may be prepared, at the costs of Eaton Homes, Inc.

*Decree for appellees.*

DOYLE and STEVENS, JJ., concur.