**CITY OF INDIAN HILLS, a Municipal Corporation, et al., Appellants,**

v.

**INDIAN HILLS COMPANY, a Corporation, Appellee.**

Court of Appeals of Kentucky.

June 19, 1959.

W. A. Armstrong, W. J. Goodwin, Louisville, for appellants.

Stanley Newhall, Lyndon Everbach, S. Tilford Payne, Jr., Louisville, for appellee.

EBLEN, Judge.

In 1940 the predecessor in title to the Indian Hills Co., hereinafter referred to as the Company, dedicated to public use a stub of a road leading eastwardly off Westwind Road and dead-ending at a 46 acre tract then owned by the Indian Hills Development Company. This stub of a road, named Eastwind Road on a subdivision plat filed of record in the county clerk's office, was never developed as a roadway.

In 1942 the City of Indian Hills, a sixth class city, annexed an area which included this stub of a road and also a triangular plot, owned by the Company and situated between the stub of a road and the 46 acre tract outside of the City. The present controversy arose when the Company subdivided the 46 acres into building lots, and, in order to make the lots more desirable, proposed to open a roadway in the triangular plot to join Eastwind Road. The City refused to accept a dedication of a roadway over the triangular plot, even though the Company offered to bear this expense as well as the cost of improving Eastwind Road. Thereupon, the Company filed suit against the City requesting a declaration of rights and injunctive relief.

The lower court concluded that the City could not be required to accept the extension of Eastwind Road as a city street and to assume the burden of its maintenance, but that the City should be enjoined from interfering with the opening of an easement on the triangular plot in the City, and the paving and use of the same as a roadway connecting with Eastwind Road. It was also adjudged that the Company could improve Eastwind Road, between Westwind Road and the easement roadway, subject to compliance with reasonable specifications laid down within a reasonable time by the City Engineer of the City of Indian Hills.

The City appeals, contending that to restrain the City from interfering with the establishment of an easement over the triangular plot constitutes an unwarranted judicial encroachment into a municipal matter that is committed to the discretionary control of the Board of Trustees. Also, it is urged that the easement will ripen, in the course of time through use by the public, into a public roadway and that the practical result is a dedication to the public. That part of the judgment which permits the Company to improve the stub of a road which had been dedicated to the public is in accord with our holding in City of Druid Hills v. Broadway Baptist Church, Ky., 316 S.W.2d 698. The property of the Company abuts at the dead-end of Eastwind Road, and KRS 94.670 commands the City to open this public way. The mere fact that its opening will inure to the benefit of the purchasers of lots that do not abut on the public way is not material.

It follows that if the Company were a single resident owner wanting to use the dedicated portion of Eastwind Road as a means of egress and ingress to his property he could construct a driveway or road connecting with the dead-end of that road. In fact, the Druid Hills case goes beyond use by a single resident owner. It approves the use of the dedicated street and its extended private drive or roadway by the members of the public desiring to reach the church by this route. That this private roadway is to be established by a subdivider rather than a church or an individual resident is without significance.

The roadway that is constructed in the triangular plot remains a private passway as to the City. No matter how much it may be used by the members of the public, the City is not required to accept it as a public way which it must keep open or maintain under KRS 94.670.

The judgment is affirmed.