## City of Louisville v. Flanders.

(Decided June 8, 1928.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, Fourth Division).

1. Municipal Corporations.—General doctrine is that, where public street or public road is taken into city by annexing territory of its location, there is thereafter imposed duty on part of annexing city to properly maintain it in reasonably safe condition for public travel.

2. Municipal Corporations.—Where city, through its street department, had made repairs to street after annexation of territory of its location, city had duty of maintaining character of repairs legally required within that particular locality.

3. Municipal Corporations.—Whether city performed duty in maintaining street in annexed territory, when it suffered to exist in open space of intersection not only a ditch over part of both streets, but likewise a deep hole therein into which pedestrian fell and sustained injuries, held for jury.

4. Municipal Corporations.—City cannot avoid liability for injuries to pedestrian falling in deep hole within street intersection in annexed territory, on ground that it was part of original plan of construction.

5. Municipal Corporations.—Pedestrian on street has right to use any portion of it, and is not confined to any usual or customary space or route especially prepared for his purpose.

6. Municipal Corporations.—City, under duty to maintain streets in reasonably safe condition for travel, could not suffer and permit deep hole into which plaintiff fell practically along route of sidewalk to exist without incurring liability for resulting damage.

WILLIAM T. BASKETT and W. J. GOODWIN for appellant.

WALLACE A. McKAY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

South Fifth street in the city of Louisville runs north and south, and Beecher street, in the southern part of the city, runs east and west, and a doubled street railway track is laid on Fifth street. The territory at the junction of the two streets was within the corporate limits of the municipality of Oakdale until March 16, 1922, when it was by appropriate proceedings annexed to and became a part of the city of Louisville. Beecher street was opened before the annexation; but, whether it had been accepted by Oakdale and maintained or repaired by it, the record is not clear. At about 8 p. m. on

May 12, 1926, appellee and plaintiff below, A. N. Flanders, sustained personal injuries by falling into a hole about 3½ feet deep, located on the space occupied by the junction of the two streets and near the northeastern corner of the west half thereof, and about 2 feet or 18 inches from the end of the ties of the west street railway track thereon. He had been visiting relatives who resided on the south side of Beecher street, about midway the square west of Fifth street, and he was endeavoring to board a street car back into the city where he resided, and was crossing the above-described portion of the intersection in order to get to the north side of Beecher street, when he fell into the hole and sustained the injuries to recover damages for which he later filed this action. The answer denied the material averments of the petition and pleaded contributory negligence. Appropriate pleadings made the issues, and upon trial there was a verdict in favor of plaintiff for the sum of $2,200, and, defendant's motion for a new trial having been overruled, it prosecutes this appeal from the judgment rendered thereon.

Although relied on in the motion and grounds for a new trial, there is no complaint in argument of counsel in this court that the verdict was excessive, but it is strenuously contended that the court erred in overruling defendant's motion for a peremptory instruction, because (1) Beecher street had never been accepted by defendant so as to impose maintenance duty upon it under the facts proven in the case; (2) if mistaken in that contention, then the defect complained of was one growing out of the plan of original construction and for which, under a line of cited cases, the city wound not be liable; and (3), that defendant was guilty of such contributory negligence as to deprive him of the right of recovery. Some other minor contentions are made, but they are so clearly immaterial that we have concluded to neither mention nor discuss them, one of which is a complaint leveled at the leading instruction, but which is bottomed upon some one or more of contentions 1, 2, and 3, supra.

1. Disposing of ground 1, it appears that concrete sidewalks were erected and in use at the time of the accident on both the southern and northern sides of Beecher street, but whether they were ordered to be constructed by either Oakdale before the annexation or by the city of Louisville after it, or whether they were constructed exclusively by the property owners, on their own volition, is not made to appear in the record. The

general doctrine is that, where a public street or a public road is taken into a city by annexing the territory of its location, there is thereafter imposed a duty on the part of the annexing city to properly maintain it in a reasonably safe condition for public travel. City of Ashland v. Cummings, 194 Ky. 645, 240 S. W. 63. But that rule seems not to apply to open spaces intended for streets or public ways by owners of platted territory, unless the designated ways have been accepted by the annexed city, or the annexing one, and, in case of the annexation of rural territory not theretofore included in any municipality, it is held that the stated general rule does not apply to a road therein, unless it was a public one and so maintained before its annexation. However, the annexing municipality may at any time after the annexation accept the way so as to impose the general duty of repairing and maintaining it by ordering and doing repairs thereon, without any formal action of record. The law also seems to be well settled that the extent of the repair, and the corresponding safety of the way for members of the traveling public, should be governed by the surroundings and conditions of the place where the injury occurred—i. e., although the particular street or walk was one that the city had sufficiently accepted as to impose the duty upon it, yet, if it was within a remote part of the corporate limits, in a sparsely settled community, the repairs to it, as well as its safety for travel, need not be as vigilantly watched after, or as extensively performed, as if the location was in a thickly settled portion of the city and constantly used by a great many people—and which distinction was recognized by this court in the cases of City of Henderson v. Sandefur, 11 Bush, 550, and City of Lancaster v. Broaddus, 186 Ky. 226, 216 S. W. 373. Others are referred to in those opinions, and the doctrine therein announced is in harmony with the general rule and in accordance with practical requirements. But, whatever may be the rule in that respect, and whatever may be the facts with reference to the acceptance of Beecher street by Oakdale before it was annexed to Louisville, the uncontradicted proof in this case was that the city of Louisville through its street department had made repairs to Beecher street after the annexation and before the accident complained of so as to impose upon it the duty of maintaining the character of repairs legally required within that particular locality, and which the

record discloses is not so sparsely settled as is insisted by defendant's counsel in their brief.

That being true, it then became the duty of defendant, under all opinions and text-writers, to bestow such care and attention in the way of maintaining the street in a reasonably safe condition as the surrounding conditions and circumstances required, and it is manifest that it cannot be successfully contended that it did so in this case when it suffered to exist in the open space of the intersection, not only a ditch over a part of both streets, but likewise a deep hole therein, and into which plaintiff fell and sustained his injuries. Whatever relaxation the law might indulge with reference to the duty of a municipality concerning the maintenance of, or reasonably safe repairing of its suburban public ways, it certainly would not extend to the point of excusing it for a failure to repair such defects as the open ditch and the hole complained of in this case. We therefore conclude that ground 1 is not sustainable.

2. Ground 2 is equally without merit. Counsel cite in support of it the cases of Clay City v. Abner, 82 S. W. 276, 26 Ky. Law Rep. 602, Carroll's Adm'r v. City of Louisville, 117 Ky. 758, 78 S. W. 1117, 25 Ky. Law Rep. 1888, City of Lebanon v. Graves, 178 Ky. 749, 199 S. W. 1064, L. R. A. 1918B, 1016, and Gower v. City of Madisonville, 182 Ky. 89, 206 S. W. 27, and we have no criticism to make of the doctrine of those cases, since it is well established in the law and universally applied in this court. But neither it nor any other announced rule of law can be made to apply to a totally different and an utterly foreign set of facts than those upon which the principle of those cases rest. Each of them contemplates that the plan for the original construction, and for which the city is not made liable thereunder, is one that is not in and of itself obviously and palpably per se dangerous, and about which men of reasonable prudence might differ with reference to its reasonable safety. In seeking to apply that principle in this case, it is argued by counsel for defendant that the construction of Beecher street with an open ditch on either side of it, just beyond its concrete walks, and leaving the open hole in the intersection, was a part of the original plan of defendant in the improvements made at such places, and, being so, it is not liable for damages to plaintiff in this case. The contention is so far-fetched and to our minds so unfounded as to require no arguments to refute it, since no

one would contend that a municipality could, under the guise of an original adopted plan of construction, create death traps in the public ways and yet avoid liability because it was an original plan of construction. We therefore feel that we need spend no more time in the discussion of this ground.

3. In endeavoring to maintain ground 3, counsel contend that plaintiff was not injured at any place in the street that he had a right to be, which necessarily overlooks the rule that a pedestrian on a street has the right to use any portion of it, and is not confined to any usual or customary space or route especially prepared for his purpose. City of Glasgow v. Gillenwaters, 113 Ky. 140, 67 S. W. 381, 23 Ky. Law Rep. 2375; City of Lexington v. Auger, 4 Ky. Law Rep. 24; Merchants' Ice & Coal Company v. Bargholt, 129 Ky. 60, 110 S. W. 364, 33 Ky. Law Rep. 488, 16 Ann. Cas. 965; and other cases referred to therein. Independently, however, of the rule as so announced by this court in those cases, the hole into which plaintiff in this case fell was practically along the route of the sidewalk on the north side of Beecher street if it had been extended to the ends of the ties of the west track of the street railway thereon, and was near to if not at the place where the street car on that track would stop going north. If the city was under the duty to maintain both Fifth and Beecher streets at the place involved in a reasonably safe condition for travel, as we have hereinbefore found to be true, then it surely could not suffer and permit such menacing dangers to the public to exist without incurring liability for the resulting damage.

With the law as we have above outlined, the court under the facts of this case gave the usual and ordinary instructions, and a painstaking consideration of the record reveals no error authorizing us to disturb the judgment, and it is accordingly affirmed.