## Tolliver v. Louisville & Nashville Railroad Company.

(Decided October 30, 1928.)

### Appeal from Letcher Circuit Court.

1. Municipal Corporations.—Where rural territory becomes part of town, established highways and passways which the public has acquired the right to use automatically become highways within the town, and remain such until they are abolished by the town in some legal manner.

2. Municipal Corporations.—In suit for damages for obstruction of street adjacent to her property, plaintiff held entitled to show that the passway had been established by prescription before organization of town in which property was at present located.

3. Highways.—Public, by use of road, may acquire right to continue use, and, on public's acquisition of such easement, private individual may not obstruct the public use thereof, whether public right is based on presumptive dedication and acceptance or adverse possession.

4. Highways.—In suit against railroad corporation for damages for obstruction of road adjacent to plaintiff's property, refusal to permit plaintiff to show that, as member of public she had obtained easement in road by prescription, held error.

5. Municipal Corporations.—Plaintiff, suing railroad for damages for obstruction of road adjacent to her premises, if she established easement to satisfaction of jury by use thereof as member of public, was entitled to recover notwithstanding failure of town to accept the road as a public way.

6. Highways.—Where easement is acquired by public by reason of continued use of road as a matter of right, property becomes impressed with easement irrespective of ownership, and easement is not destroyed by conveyance of the servient estate.

7. Dedication.—If owners of property dedicated road to public generally and public accepted dedication by continued use of the road as a matter of right, public had easement therein irrespective of acceptance of dedication by town.

HAWK & LEWIS for appellant.

WOODWARD, WARFIELD & HOBSON, MORGAN & HARVIE and D. I. DAY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing:

The appellant, Sarah Tolliver, instituted this suit in the Letcher circuit court against the Louisville & Nashville Railroad Company, charging that it had unlawfully obstructed a street, road, or passway in the town of Neon, and that, as a result of such obstruction, she had been damaged by reason of the depreciation of the value of the use of two houses owned by her in the town. It is claimed by her that North First street in the town runs between her two houses and crosses both legs of a Y, in the forks of which are located her two houses. North First street is supposed to run east and west. The two houses are between the west leg and the east leg of the Y. The right of way for each Y is 25 feet. The width of North First street (that is, the space between the two houses) is 25 feet. In proceeding out of the town towards Yont's fork of Boone creek, First street either stops at the west edge of the right of way of the west leg of the Y, as claimed by appellee, or it crosses the west leg of the Y, continues between the two houses belonging to appellant, and crosses the east leg of the Y.

The railroad company placed iron stakes along the west edge of the right of way of the west leg of the Y, thereby rendering it impossible for any one driving vehicles or riding to cross the railroad track at that point. The property owned by appellant is bounded on two of its three sides by the railroad right of way. She claims that, when the railroad company obstructed North First street so that the traveling public could not come to her places of business, the use of her property was most seriously damaged. On one side of the street she conducted a feed and grain store, and on the other a general mercantile establishment. She attempted to show, by the evidence, that her property had a reasonable rental value of well above $100 per month prior to the barricading of North First street by the railroad company, and that thereafter the rental value was practically nothing. She introduced evidence tending to establish that she had been damaged by the railroad company, if it was true that the company had without right obstructed the street.

At the conclusion of all the evidence, the court sustained a motion of appellee for an instruction requiring the jury to return a verdict in its favor. The reason for the ruling was that the court was of the opinion that appellant had failed to establish that North First street crossed the railroad right of way. The court seems to

have been of the opinion that, unless the evidence established that the street in question was accepted by some action of the town, the appellant could not maintain her action. This opinion of the trial court as to the law caused the evidence to be confined within very restricted limits.

A brief history of this alleged street is necessary to a proper understanding of the matter. Appellant offered to prove that, long before there was any town established at this point, and for a period of 30 years prior to the establishment of the town, a passway had been used generally by the public traveling to the county seat and other points, and that such use had been continuous, uninterrupted, and adverse for more than 30 years. She undertook to establish a passway at this point by prescription, but the court would not allow it. The reason for the ruling appears to have been that it was the opinion of the court that streets and passways in a town could be established only after the town was organized. That is not the rule as we understand the law. When territory not embraced in a town becomes territory which is a part of the town, the established highways, passways, roads, and streets which the public has acquired the right to use automatically become highways within the town, and remain such until they are abolished by the town in some legal manner. Creekmore v. Central Construction Co., 157 Ky. 336, 163 S. W. 194; Volpenheim v. Westerfield, 216 Ky. 157, 287 S. W. 545; Morris v. Avondale Heights Co. et al., 218 Ky. 356, 291 S. W. 752; Morrison v. Town of West Point, 219 Ky. 397, 292 S. W. 1095; City of Paducah v. Mallory et al. (Ky.) 9 S. W. (2d) 1015, decided June 28, 1928.

The court should have admitted evidence tending to show that the passway had been established by prescription before the town was organized.

In the late case of City of Louisville v. Flanders, 225 Ky. 41, 7 S. W. (2d) 514, this court said:

"The general doctrine is that, where a public street or a public road is taken into a city by annexing the territory of its location, there is thereafter imposed a duty on the part of the annexing city to properly maintain it in a reasonably safe condition for public travel."

The court continued, however, by saying that the rule generally did not apply to open spaces left for streets on plats and rural roads. That case, as is true of many others, was dealing with the question of the liability of the city for its failure to perform a duty thrust upon it by the law. The court has generally held that in such cases the city cannot have the duty of maintenance and responsibility for failure to maintain thrust upon it without an actual acceptance of the way as a public way over which the city has control, or by a presumptive acceptance. Cases of this nature are not authority, except where there is an effort to hold the city responsible by reason of its failure to properly maintain its public ways, or in cases where a duty is imposed by law relating to the particular way. Of the latter class is the case of L. & N. R. R. Co. v. Whittle's Adm'rs, 216 Ky. 314, 287 S. W. 894, where it was held that a road could not be established by prescription which rendered it necessary for a railroad company to give signals for the crossing of such a road as is required by the statute in approaching public county roads established by legal authority.

It has never been disputed in this state that a road may be so used by the public as to give the public a right to use it, whether the doctrine be founded upon presumptive dedication and acceptance or adverse possession. When the public acquires such a right to use a road, a private individual may not obstruct the public use thereof. In the case of Nichol v. Blackburn, 212 Ky. 589, 279 S. W. 977, this court said:

"It is established that the unexplained and uninterrupted use of a passway for fifteen years raises a presumption of a grant and places the burden upon the servient estate to prove that the use was only permissive. Bryan (Byars) v. Rash (100 S. W. 306) 30 L. R. (Ky. Law Rep.) 1153; Riley v. Buchanan, 116 Ky. 625 (76 S. W. 527, 25 Ky. Law Rep. 863, 63 L. R. A. 642, 3 Ann Cas. 788); Wathen v. Howard (84 S. W. 303) 22 L. R. (27 Ky. Law Rep.) 7. In the Riley case it is held that such conduct is sufficient to indicate a dedication to and acceptance by the public, and that an individual may sue to enforce this public right. But the presumption named may be rebutted and the facts are always open to explanation."

When the public thus obtains the right to use a road it has an easement which cannot be destroyed by the act of a private individual.

It follows, therefore, that the lower court erred in refusing to allow appellant to establish, if she could, that she, as a member of the public, had obtained an easement in the road crossing the railroad tracks, by prescription. If she should establish such an easement to the satisfaction of the jury, she is entitled to recover, if she was damaged, notwithstanding the failure of the town to accept the road as a public way.

Neither could the owner of the servient estate destroy this easement by conveying the property to the appellee. The easement was acquired by reason of the continued use of the road, if it was so acquired, as a matter of right, and the land became impressed with that easement. The ownership of the land, whether by one or another, has nothing to do with the acquiring of the easement by the public, if the use of the road was continuous and as a matter of right.

There is evidence tending to show that the plat of the town of Neon was made before the town was established by judgment of the circuit court, and that a dedication of this particular street in controversy was shown by the plat. Whether that is true or not, if it can be established by evidence that the owners of the property dedicated this particular way to the public generally and the public accepted the dedication by a continued use of the street as a matter of right, the town did not have to accept the dedication before the public would have any rights thereunder. It is established by the evidence that this street was left open between the buildings belonging to appellant, and that it was recognized as an extension of North First street. The public accepted that dedication, and the road has been used since the organization of the town, and prior thereto. This appears to be shown by the evidence, and, if it is, then, a private individual may not deprive the public of its easement or right to use the road so dedicated. It makes no difference whether the easement is called a road, passway, or street. The easement is the right to use the particular land dedicated for a particular purpose. That an acceptance of the dedication by the city is not necessary to vest in the public the right which it has to use the easement is clearly

decided in the case of Volpenheim et al. v. Westerfield, 216 Ky. 157, 287 S. W. 545, and the authorities therein cited.

For the errors indicated, the judgment of the lower court must be reversed. Any questions raised on the record which are not discussed in this opinion are not decided.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.