David **PORTER** and Brenda
Porter, Appellants,

v.

**JOHNSON COUNTY JUDGE/EXECUTIVE; Johnson County Fiscal Court; and the Johnson County Conservation District, Appellees.**

No. 2009–CA–000428–MR.

Court of Appeals of Kentucky.

April 2, 2010.

Rehearing Denied June 14, 2010.

Case Ordered Published by
Court of Appeals May 14, 2010.

Discretionary Review Denied by
Supreme Court June 8, 2011.

David J. Porter, Paintsville, KY, for Appellants.

Jonathan C. Shaw, Paintsville, KY, for Appellees.

Before DIXON, LAMBERT, and WINE, Judges.

## OPINION

DIXON, Judge.

Appellants, David and Brenda Porter, appeal from an order of the Johnson Circuit Court granting summary judgment in favor of Appellees, the Johnson County Judge/Executive, the Johnson County Fiscal Court, and the Johnson County Conservation District. Finding no error, we affirm.

In May 2006, Appellants purchased a tract of real property located in Johnson County, Kentucky. The majority of the property is bordered by property owned by the U.S. Corp of Engineers and referred to as the Paintsville Lake Project. Apparently, when Appellants purchased

the property, they were informed by the sellers that a gravel road which cuts through the property, Blanton Branch Road, was private. Blanton Branch Road provides access not only to Appellants' home, but also to the Paintsville Lake property as well as the Blanton Branch Cemetery.

In July 2006, Appellants observed grading equipment at the entrance to the road. In the process of trying to prevent the paving work, Appellants were informed that Blanton Branch Road was part of Johnson County's official road system. As a result, and despite Appellants' protests and claims that the road was private, the paving work was completed several days later.

In June 2008, Appellants filed a declaratory judgment action against the Johnson County Judge/Executive and Fiscal Court claiming that Blanton Branch Road is a private rather than public or county road. Further, Appellants asserted claims against the Johnson County Conservation District for trespass and nuisance due to the District's use of an outdoor classroom located on the Corp's lake property.

On February 9, 2009, the trial court entered an order granting summary judgment in favor of Appellees and dismissing Appellants' claims. Therein, the court found that the evidence unequivocally demonstrated that Blanton Branch Road had been documented on county road maps since 1969, had been adopted by the fiscal court as a county road, and had been maintained by the county for years. Following the denial of Appellants' motion to alter, amend or vacate, they appealed to this court as a matter of right. Additional facts are set forth as necessary in the course of this opinion.

On appeal, Appellants argue that the trial court erred in granting summary judgment because David Porter's deposition and affidavit created a genuine issue of material fact. As they did in the trial court, Appellants contend that they were informed by their predecessor in interest that the road in question was private. Further, they claim that their deed shows another abandoned road that they believe is what is actually documented on the county road maps. Finally, Appellants argue that they were entitled to partial summary judgment on the grounds that Blanton Branch Road was not properly adopted by Johnson County.

Summary judgment serves to terminate litigation when there is no issue of material fact and the moving party is entitled to summary judgment as a matter of law. Kentucky Rules of Civil Procedure (CR) 56. On a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in its favor. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky.1991). Summary judgment "is only proper where the movant shows that the adverse party could not prevail under any circumstances." *Id.* (citing *Paintsville Hospital, Co. v. Rose*, 683 S.W.2d 255 (Ky. 1985)).

■ The standard of review on appeal when a trial court grants a motion for summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996). Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial

court's decision and will review the issue de novo. *Lewis v. B & R Corporation,* 56 S.W.3d 432, 436 (Ky.App.2001) (internal footnotes and citations omitted). *See also Goldsmith v. Allied Building, Components, Inc.,* 833 S.W.2d 378, 381 (Ky.1992).

Prior to the enactment of the current Kentucky Revised Statutes (KRS) Chapter 178, which governs county roads, there were several methods of establishing a public or county road. First, was a formal decree by the county that the road would be a county road. *See Commonwealth v. Boyle County Fiscal Court,* 113 Ky. 325, 68 S.W. 116 (1902). The second method was for a property owner to seek a declaration of a county road, thus essentially giving up the road in exchange for county maintenance. *See Gernert v. City of Louisville,* 155 Ky. 589, 159 S.W. 1163 (1913). Finally, the public could adversely utilize the particular road for a requisite number of years, thus establishing a "public" road. *Tolliver v. Louisville & Nashville Railroad Company,* 226 Ky. 132, 10 S.W.2d 623 (1928).

Through the use of the above methods, Kentucky established a system of public roads, meaning those used by the public free of charge, and county roads, which were simply public roads maintained by a county. *Rose v. Nolen,* 166 Ky. 336, 179 S.W. 229, 230 (1915). However, when it became apparent that counties were burdened by the maintenance of too many roads, Kentucky passed the Road Act of 1914 whereby county roads were required to be accepted into the county road system by a formal decree. The Act was the basis for KRS Chapter 178, which currently governs county roads. KRS 178.010(1)(b), as amended in 1964, provides:

"County roads" are public roads which have been formally accepted by the fiscal court of the county as a part of the county road system, or private roads, streets, or highways which have been acquired by the county pursuant to subsection (3) of this section or KRS 178.405 to 178.425. "County roads" includes necessary bridges, culverts, sluices, drains, ditches, waterways, embankments or retaining walls[.]

Clearly, under the current statutory scheme, the terms "public roads" and "county roads" are no longer interchangeable.

In support of their motion for summary judgment, Appellees attached (1) the 1969 Johnson County road map showing the existence of Blanton Branch Road; (2) the affidavits of Johnson County Road Engineer, Sam Auxier, and David Jackson, an employee of the U.S. Army Corps of Engineers and the Resource Manager for the Paintsville Lake Project; (3) the September 10, 1991, Johnson County Fiscal Court minutes updating the county road system; and (4) over eighteen years of work orders evidencing the county's continuous maintenance of Blanton Branch Road.[1]

█ Auxier stated in his deposition that Blanton Branch Road has been listed on the official Johnson County road map since at least 1969. He explained that every few years, the Transportation Cabinet maps the county roads to make any necessary adjustments for new roads that have been adopted or old roads that no longer exist, and thereafter the map is presented to the fiscal court for formal "re-acceptance." Auxier noted that the minutes of a 1991 Johnson County Fiscal Court meeting reflect that the fiscal court, by formal action, readopted the map as the official system of

---

1. In 2006 alone, the county expended over $62,000 in maintenance of Blanton Branch Road.

county roads in Johnson County. Thus, contrary to David Porters' claim that the fiscal court improperly adopted Blanton Branch Road for the first time in 1991, Auxier confirmed that the 1991 acceptance of the road map was simply a·"housekeeping" task, and that Blanton Branch Road had actually been formally adopted years before as evidenced by its inclusion on the 1969 county road system map.

In addition, David Jackson, the Paintsville Lake Project Resource Manager, testified via affidavit that Blanton Branch Road is· the only means ·of ingress and egress to the majority of the lake property. Corps employees use the road to access the property for the purposes of conducting boundary surveillance to monitor for criminal activity and poaching. Further, the public utilizes the road to access the lake property to utilize an outdoor classroom that is operated by the Conservation District under a Department of the Army license. Jackson also reiterated that Blanton Branch Road is the only access to Blanton Branch Cemetery, a very old and large cemetery.

Despite the abundance of evidence produced by Appellees in support of their motion for summary judgment, Appellants filed a two-page response unsupported by any affidavits or other evidence. Although Appellants claim that the road indicated on the county map is not the current Blanton Branch Road, they have submitted no proof of such, nor have they documented what they allege others have told them. Furthermore, Appellants did not have the property surveyed nor did they obtain an expert surveyor to counter Appellees' evidence.

■ "'[U]nless and until the moving party has properly shouldered the initial burden of establishing the apparent nonexistence of any issue of material fact,' the non-movant is not required to offer evidence of the existence of a genuine issue of material fact." *Goff v. Justice*, 120 S.W.3d 716, 724 (Ky.App.2002) (quoting *Robert Simmons Const. Co. v. Powers Regulator Co.*, 390 S.W.2d 901, 905 (Ky.1965)). However, once the moving party satisfies its initial burden, the burden then shifts to the party opposing summary judgment to present "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Lewis v. B & R Corporation*, 56 S.W.3d 432, 436 (Ky.App. 2001.) (quoting *Steelvest, Inc.*, 807 S.W.2d at 482). Because Appellees clearly met their burden of proof in their motion for summary judgment, the burden then shifted to Appellants to present some affirmative evidence to establish that a genuine issue of material fact still existed. We are compelled to agree with the trial court that Appellants failed in this respect. As such, summary judgment was proper.

Nor do we find any merit in Appellants' claim that the trial court erred in denying their motion for a partial summary judgment based upon the county's alleged failure to properly adopt Blanton Branch Road. Appellants contend that Appellees failed to comply with the mandates of KRS 178.050 prior to the May 1991 fiscal court meeting. At the time the trial court denied the motion, it ruled that a material issue of fact still existed.

■ KRS 178.050(1) provides that "[n]o county road shall be established or discontinued, or the location thereof changed unless due notice thereof has been given according to the provisions of this chapter." It is Appellants' position that Appellees failed to provide the requisite notice prior to the adoption of Blanton Branch Road during the May 1991 fiscal court meeting. However, the unrefuted testimony of Sam Auxier was that Blanton Branch Road had been included in the county's official road system since at least 1969, and

that the 1991 "adoption" of the map was nothing more than an updating function performed by the fiscal court following the Transportation Cabinet's periodic review of the county road system. As Appellees were not establishing, discontinuing or changing the location of Blanton Branch Road in 1991, KRS 178.050 has no relevance to the action herein.

ALL CONCUR.