### WADE et al. v. CROWE et al.

Court of Appeals of Kentucky.

May 22, 1953.

C. H. Richardson, Jr., Louisville, for appellant.

Andrew S. Hyman, Louisville, for appellee.

DUNCAN, Justice.

This proceeding was instituted in the Jefferson County Court under Chapter 184 of the Kentucky Revised Statutes for the purpose of establishing a road district to improve a road known as Dayton Avenue, which lies in Jefferson County, Kentucky, outside the City of Louisville. Dayton Avenue is not a part of the state, county, or any city road system, and there is no political subdivision responsible for its construction or maintenance.

The petition of the owners of more than fifty-one per cent of the property, determined in linear front feet, abutting upon and adjacent to the proposed road, meets the requirements of KRS 184.030 and 184.040. After its filing, the proposal was referred to the county road engineer for his approval or disapproval. Following the favorable report of the engineer and the statutory advertisement, written objections were filed by appellants. Upon a trial of the objections, the county court found in favor of the proponents and adjudged the creation of the Dayton Avenue road district.

Objectors, who are appellants here, insist that since the plans for the proposed road make no provision for necessary drainage its construction would not be conducive to public safety, comfort, convenience, and welfare.

It is conceded in this case that Dayton Avenue cannot be drained economically unless it is included in an over-all drainage program for the entire St. Matthews area, which covers many square miles. The difficulty arises because there is no place to which the water can be drained without changing the natural flow and thereby creating a new drainage problem for some property owner. Objectors argue that the road district is a quasi-public corporation and engaged in a business related to the public interest; that the public and the abutting property owners have a right to demand drainage and the district the duty to provide it; and that petitioners cannot consent to build a road without drainage to the detriment of other property owners and the public. The pivotal point in this

case is whether or not the petitioners are under a duty to include drainage in its improvement program and the residents and the public have a right to demand it.

The testimony of the county road engineer discloses that the portion of Dayton Avenue within the proposed district is in a hazardous condition. This witness testified that he had seen the road and that it was in a "deplorable condition" and that "it was even dangerous to travel." With reference to the question of drainage, the same witness testified that the failure to drain was a matter that directed itself only to the life of the road and would otherwise have no effect on the welfare and comfort of persons using the road.

█ Under the provisions of KRS 184.050, the burden of proof is placed upon the objectors to show cause why the road district should not be created. We find nothing in the evidence to support the contention of appellants that no road at all is preferable to a road without drainage.

█ There is no provision of the original Act relating to public road districts or of the 1952 amendment which requires the proposed district to provide drainage as a prerequisite to its right to construct the road. In meeting the statutory requirements, it is necessary for the proponents to allege necessity for the road and that it will be conducive to the public safety, comfort, convenience, and welfare. Where drainage may be provided economically and feasibly and no adequate provision has been made to provide for the surplus water which may fall or accumulate on the road, it may sometimes be said that the failure to provide drainage affects the public safety, comfort, convenience, and welfare. However, where the situation is such that it is impossible within the limits of reasonable cost to the abutting property owners to provide a method of drainage, that fact should not be permitted to interfere with the statutory right of the abutting owners to secure the only type road which is possible under the circumstances.

Appellants cite as authority for their position City of Louisville v. Knighton,

100 S.W. 228, 30 Ky.Law Rep. 1037, 8 L.R.A.,N.S., 478. We do not regard this case as authority for the position that it is the duty of the district or any other constructing authority to provide drainage or that the residents or the public have a right to demand it. In that case, the City of Louisville had improperly constructed a drainage system and had thereby directed water on appellees' property. The court held that the city had undertaken to build a drainage system and that once having undertaken the work it was required to do it properly. There is nothing in the Knighton case indicating that the mere building of a street with an impervious surface constitutes a drainage problem which the city must correct. This question was presented squarely and decided adversely to appellants' contention in the later case of Board of Trustees of Town of Auburn v. Chyle, 256 Ky. 283, 75 S.W.2d 1039, 1040. In that case, it was said:

"The drains or ditches may have been inadequate to carry off the surface water of ordinary rainfall, as the same fell or accumulated on the streets, still the city had nothing to do with the collecting of the water at a given point and causing it to overflow her property, other than surfacing and repairing the streets in the ordinary and usual way with necessary and suitable material. The fact the streets were scarified, raised by the use of the material necessary to surface them, preventing the streets from absorbing the rainfall, and thus caused the water to reach her property, affords her no cause of action."

█ Appellants insist that KRS 179.070(7), when read in connection with KRS 184.040(1), creates a duty on road districts to provide drainage. The former section merely specifies the duties of the county road engineer in relation to his employment with the county. One of these duties is to "Establish or cause to be established necessary grades and recommend means of drainage, repair and improvement". We are unable to construe this section as requiring a road district to provide drainage.

As we view the record, there is a complete failure on the part of the objectors to overcome the burden of proof which is cast upon them by KRS 184.050. The record clearly establishes that the road is in serious need of improvement and is dangerous in its present condition. The majority of the property owners desire to effect the improvement through the only available means. The evidence supports the conclusion that the road is necessary and its construction is conducive to public safety, comfort, convenience, and welfare.

The judgment is affirmed.