**WALLITSCH et al.**

v.

**BENNETT et al.**

Court of Appeals of Kentucky.

March 19, 1954.

required by KRS 184.030(3). An amended petition was filed before judgment which did refer to the map. We think the defect in the petition was cured by the amendment. The cases cited by appellants on this point are not applicable.

The proposed road is 1802 feet in length, and 16 feet wide. The estimated cost of construction is $9,000. The amount estimated for maintenance for a 10-year period is $200. Appellants contend the estimate for maintenance is so low the court should take judicial notice of the inadequacy. We note, however, that there is testimony the road will be so constructed that it will require very little maintenance for the first ten years. The county judge apparently was of the opinion the estimate for maintenance is adequate and under the circumstances we cannot say he abused his discretion. See Wade v. Crowe, Ky., 258 S.W.2d 490.

Appellants also contend that Carol Avenue is not a public road since it has not been accepted by the state, county or city. The road has been dedicated to the public use and that is sufficient.

The assessment against appellants does not amount to a taking of property in violation of the Constitution, even though they will be required to pay almost 40% of the total cost of the road. They are required to pay no more than their proportionate share, calculated on a footage basis. Louisville Memorial Gardens, Inc. v. Carpenter, Ky., 261 S.W.2d 627.

Woodward, Hobson & Fulton and L. Lyne Smith, Jr., Louisville, for appellants.

Edwin H. Stierle, Louisville, for appellees.

It is suggested that it is inequitable for these two property owners to have to pay nearly 40% of the total cost of this road. That may be. But the Legislature has authorized the establishment of a road district under the circumstances shown to exist here. The wisdom of the statute is a matter not properly before us.

COMBS, Justice.

This is an appeal from a judgment of the Jefferson County Court establishing "Carol Avenue Road District" under chapter 184, KRS. The appellants are two property owners, subject to assessment, within the district.

We find no merit in the other points raised by appellants.

A map was filed with the petition but was not referred to in the petition as is

The judgment is affirmed.