**Matt STEPP, Appellant,**

v.

**Rebecca WEBB, Appellee.**

Court of Appeals of Kentucky.

June 3, 1960.

William R. McCoy, Jr., Earle Cassady, Inez, for appellant.

Clyde L. Miller, Louisa, for appellee.

PALMORE, Judge.

This case falls within the fundamental scope of Lotze v. Garrene Realty & Devel-

opment Co., Ky.1958, 309 S.W.2d 750. In establishing a subdivision appellant sought to prevent access to it from a private passway (which formerly served his lands and other property to the south as a way of necessity to a highway) by leaving a strip some 10 feet wide between the subdivision and the outer boundary of the tract out of which the subdivision was carved. A street laid out on the subdivision plat along the course of that portion of the old road lying within the area of the subdivision terminated flush against the south boundary of the subdivision opposite the continuation of the passway southward through other lands. In Lotze the 6-inch insulating strip lay within the subdivision, whereas in this case the strip is outside the subdivision, but the principle and public policy are the same. In Lotze the subdivider sought to effect a barrier against an adjacent owner who had refused to sell. In this case appellant sought to exclude entry by users of the remainder or lower end of the passway, who had declined to share in the cost of a bridge constructed by him across a creek to provide a better access between the subdivision and the highway.

We do not say a border strip cannot be reserved where there is a legitimate purpose therefor and it is clearly shown on the plat as reserved for private use. But where it is not so indicated and serves merely to separate the end of a dedicated public way therein from lands that would otherwise be adjacent, the public interest requires a presumption that such portion of the vacant space also is dedicated to the public.

Appellant contends that there has been no dedication of the streets to the public, because the burden of keeping them in repair remains in the owners of the lots in the subdivision. Though the sale of lots with reference to a plat does not of itself obligate the public authority to maintain the streets therein, it nevertheless effects a dedication of them for the benefit of the general public. Salyers v. Tackett, Ky.1958, 322 S.W.2d 707; Wallitsch v. Bennett, Ky.1954, 266 S.W.2d 100; Call v. Goff, Ky.1957, 307 S.W.2d 767; Newport Pressed Brick & Stone Co. v. Plummer, 1912, 149 Ky. 534, 149 S.W. 905. This case involves a public interest to the same extent as did the Lotze case. That KRS 100.088 applied there but not here is an immaterial distinction.

The judgment is affirmed.