Josefa L. De CASTILLO, et al., Appellants,

v.

H. Steven BARGO, et al., Appellees.

No. 04–83–00163–CV.

Court of Appeals of Texas, San Antonio.

March 27, 1985.

Rehearing Denied April 29, 1985.

Writ filed May 29, 1985.

548

Henry Cuellar, Laredo, for appellants.

Shirley A. Hale, Mann, Freed, Trevino & Hale, Tony Ramos, Anthony C. McGettrick, City Atty.'s Office, Richard G. Morales, Sr., Laredo, for appellees.

Before ESQUIVEL, CANTU, and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a declaratory judgment holding valid a reservation by the dedicator of a one-foot strip of land along the entire length of a road dedicated for public use and denying injunctive relief to adjoining land owners.

On January 7, 1981, the Planning and Zoning Commission of the City of Laredo approved a plat of RMR Industrial Park, Unit II, which had been filed by H. Steven Bargo as a general partner in RMR Industrial Park, a partnership, on December 15, 1980. The plat included a provision dedicating for public use a sixty-foot-wide right-of-way comprised of 2.40435 acres and indicated therein as Flecha Lane. The plat further contained a reservation in the partnership to title in a one-foot strip of land inside and along the entire southern edge of Flecha Lane. The plat was approved by the City of Laredo on January 26, 1981, and by Webb County on March 24, 1981. After the plat was approved the partnership commenced development of the area; they paved Flecha Lane, leaving ten feet on both sides unpaved; they constructed a fence along the southern edge of the one-foot strip of land, dividing the easement and Flecha Lane from the adjacent properties owned by appellants Josefa L. de Castillo, Gloria L. de Esparza, Aurora L. de Flores, Maria L. de Vargas, Filomena Leal, Florentino Leal, Jr., Ernestina L. De Bruni and Vicenta L. de Llanes; and they sold the lots designated in their plat adjacent to the northern edge of Flecha Lane to various buyers.

Appellants sued appellees H. Steven Bargo and Carlos Farias, individually and as RMR Industrial Park, Unit II, a partnership, the City of Laredo and the County of Webb, pursuant to the Uniform Declaratory Judgment Act, article 2524–1, Texas Revised Civil Statutes, for a declaration that the reservation of the one-foot strip of land was invalid. They further sought an injunction enjoining appellees Bargos and Farias from preventing, blocking or otherwise interfering with their use of Flecha Lane by crossing the one-foot strip of land and for an order compelling appellees Bargo and Farias to remove the fence or allow appellants to remove the fence to permit them passage to Flecha Lane. In a bench trial, the court entered judgment upholding the reservation of the one-foot strip of land and denying injunctive relief.

Appellants contend that the trial court erred in upholding the reservation of the one-foot strip of land. In support of this contention they present several arguments. Initially they argue that the reservation of the one-foot strip of land is in violation of the Land Development Ordinance of the City of Laredo in effect at the time the plat in question was approved by the Planning and Zoning Commission. Appellees agree that such ordinance was in effect at the time the plat was approved; however, they argue that under the provisions of the ordinance, the Planning and Zoning Commission is empowered to waive and did waive the provision of the ordinance prohibiting reservations of strips of land. Appellants further argue that the reservation of the strip of land is void as against public policy. We disagree with appellants and affirm.

The pertinent provisions of the Land Development Ordinance, prescribing rules and regulations governing plats and subdivisions of land, passed by the City of Laredo on September 2, 1980, read as follows:

> *Section 3–3: Description of Street Types*
>
> \*   \*   \*   \*   \*   \*
>
> G.   Reserve strips of land controlling access to or egress from other property from any street ... shall not be permitted in any subdivision unless such reserve strips are conveyed to the City in fee simple.
>
> \*   \*   \*   \*   \*   \*
>
> *Section 7–1: Exceptions*
>
> The Commission may waive, vary or modify the non-procedural requirements of these regulations but so that, at the same time, the public welfare and interests of the City and the surrounding area are protected and the general intent and spirit of these regulations are preserved.

Laredo, Tex., Land Development Ordinance §§ 3–3, 7–1 (September 2, 1980). The ordinance repealed a similar ordinance which had been passed and approved January 17, 1961, and which contained a similar prohibition against the reservation of land strips

designated as section IV, (B)(6), and a similar waiver provision designated as section III.

It is undisputed that the RMR Industrial Park, owned by appellees Bargo and Farias, is outside the city limits of Laredo but within the extra-territorial jurisdiction of the City of Laredo. It is further undisputed that the City of Laredo Land Development Ordinance of September 2, 1980, and its provisions therein, apply to the plat and subdivision of RMR Industrial Park, Unit II, and that the County of Webb had no policy in effect prohibiting the reservation of land strips at the time it approved the plat. It is further undisputed that appellants' adjoining lands are undeveloped.

Appellants admit in their brief that under the terms of the waiver provision of the land ordinance the Planning and Zoning Commission had authority to waive the provision of the ordinance which prohibited reservations of land strips. Appellants, however, contend that there is no evidence that the Planning and Zoning Commission considered the provisions of the Land Development Ordinance of September 2, 1980, when it approved the RMR Industrial Park, Unit II, plat. They point out that in the plat itself the reservation of the one-foot strip of land refers to the provisions of the repealed ordinance of January 17, 1961, and that if the commission did consider the land ordinance of September 2, 1980, there is no evidence in the record that the Planning and Zoning Commission affirmatively waived the land strip prohibition provision of such ordinance.

The witness, Larry Vetter, Director of City Planning, testified that as part of his duties he served as Secretary to the Planning and Zoning Commission; that he was acting as Secretary of the Planning and Zoning Commission on the date the plat was considered and approved on January 7, 1981, by the Planning and Zoning Commission; that the Planning and Zoning Commission relied on the waiver provision of the ordinance of September 2, 1980 to waive the prohibition of land strips provision in the ordinance; that the Planning

and Zoning Commission did not specifically state that their approval of the plat was going to be a waiver of the provision prohibiting land strips, but after hearing arguments pro and con, the Commission decided that the reservation be recorded on the plat as "a one-foot right-of-way reserve to be dedicated to the public at the time of adjacent development."

Intention is the necessary element in waiver. We hold that there is sufficient evidence to uphold the court's implied finding that the Planning and Zoning Commission's authorized conduct or act was done with the intent that such conduct or act would constitute a waiver of the provision prohibiting the reservation of land strips.

In further support of their contention that the trial court erred in upholding the reservation of the one-foot strip of land, appellants argue that the county attorney of Webb County rendered an opinion against reservations of strips of land and took affirmative action to make sure that the current Webb County policies and procedures prohibit reservations of one-foot strips of land. We find no merit to this argument, particularly when it is undisputed that Webb County had no established policy as to the reservation of strips of land at the time it approved the plat in question. Further, the policy referred to by the county attorney was not implemented until some four months after the approval of the plat in question.

In support of their argument that the reservation of the one foot strip of land was void as against public policy, appellants allege that public interest demands that taxpayers have access to or egress from their properties to streets or alleys that are owned and maintained by a municipality such as Webb County. They further state that public policy requires a presumption that a reservation of strip of land that serves as a barrier between a dedicated road and adjacent property should also be dedicated to the public and refer us to *Stepp v. Webb*, 336 S.W.2d 38 (Ky.App. 1960) and *Lotze v. Garrene Realty & Development Co.*, 309 S.W.2d 750 (Ky.App.

1958). In *Lotze*, the issue was whether a strip existed or had been reserved by the subdivider. The subdivider sought to effect a barrier to Plymouth Road against an adjacent land owner who had refused to sell; the trial court held that the "strip was not included in the dedication of Plymouth Road" and required payment by the reluctant land owner to the subdivider. The Kentucky appeals court reversed the trial court's judgment and held that the dedication of Plymouth Road included the strip and that adjacent land owners should not be held to pay for a public roadway built by a subdivider. In *Stepp*, the subdivider was alleging that a strip of land ten feet wide was reserved by the subdivider. The court therein held that since the strip, unlike the case before us, was not so indicated and merely served to separate the end of a dedicated public way therein from lands that would otherwise be adjacent, public interest required a presumption that such portion of the vacant space also is dedicated to the public.

█ In any event, it is undisputed in the case before us, in fact, the parties stipulated at trial, that appellants have never been denied access to their property, nor have they been denied ingress and egress to and from their properties. The parties further stipulated that there does exist another entrance for the appellants to get to their property. Evidence elicited at trial clearly shows the existence of an unpaved road south of the shares, parallel to Flecha Lane, that permits access to appellants' properties. Both of the above cited cases, and particularly *Stepp*, clearly established the proposition that a border strip can be reserved where there is a legitimate purpose therefor and it is clearly shown on the plat as reserved for private use. We agree with this proposition and so hold.

█ In the case before us we are not swayed by appellants' argument that the reservation must fail because it referred to portions of a repealed ordinance. In our opinion, the reservation is clearly set out and there can be no other conclusion than that appellants intended to reserve in themselves the land strip in question; the referral in the plat to a repealed ordinance is of no consequence. There was conflicting testimony as to the purpose of the reservation. Appellant Farias testified that they "wanted to reserve a one-foot right-of-way to protect the people we were selling tracts to, to protect their interest, that nothing else would be built up...." The witness de Castillo testified that if he would pay a certain amount of money he would be permitted access from his property to Flecha Lane across the reserved strip. Appellants argue that the true purpose for reserving the one-foot strip of land was to extract money from the adjoining land owners for the construction of Flecha Lane. The trier of fact resolved the issue against appellants and accepted the purpose of the reservation as testified to by appellee Farias. A trial court has the authority to observe, evaluate and assess the credibility of the witnesses and the weight to be given their testimony. *Mumma v. Aguirre*, 364 S.W.2d 220 (Tex.1963).

Appellants further argue that the reservation clause in the plat is ambiguous in nature and should be voided against appellees Bargo and Farias. We disagree.

█ The clause pertinent to this appeal reads, inter alia, as follows:

*NOTES:*

\* 1.0' ROAD R.O.W. RESERVE TO BE DEDICATED TO PUBLIC AT THE TIME OF ADJACENT DEVELOPMENT.

    \*    \*    \*    \*    \*    \*

In our opinion, this clause was in explanation of the term "1.0' R.O.W. RESERVE\*" indicated on and included in the Flecha Lane sixty foot-wide right-of-way shown on the plat. The evidence clearly shows that the "adjacent development" referred to in the clause was in reference to development of appellants' adjoining properties. We hold the clause to be an unambiguous reservation of the one-foot strip for the private use of appellees Bargo and Farias.

The one-foot strip reservation being clearly shown on the plat as reserved for

private use and the reservation of the one-foot strip of land being for a legitimate purpose therefor, we hold that the reservation is not void as against public policy.

The judgment of the trial court is affirmed.