[Cite as *Miller v. Miller*, 2012-Ohio-4361.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| SUSAN R. MILLER, ET AL. | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiffs-Appellees | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| DWIGHT MILLER, ET AL. | : | Case No. 11CA025 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 10CV001


JUDGMENT:                         Affirmed/Reversed in Part


DATE OF JUDGMENT:                 September 20, 2012


APPEARANCES:

For Plaintiffs-Appellees                    For Defendants-Appellants

STEVEN J. SHROCK                            THOMAS R. GILMAN
138 East Jackson Street                     133 South Market Street
Millersburg, OH  44654                      Loudonville, OH  44842

*Farmer, J.*

{¶1}   Appellants, Dwight and Sue Ann Miller, and appellees, Susan and James Miller, own lots in an area known as Lakeview Park in the Lake O'Dell subdivision in Washington Township, Ohio.  There are two roadways in the subdivision, Lakeview Drive and Park Driveway.  A dispute arose between the parties regarding the use of the two roadways.

{¶2}   On December 30, 2009, appellees filed a complaint against appellants seeking a declaratory judgment, a permanent injunction, an easement by prescription, and damages for trespass regarding the two roadways.

{¶3}   On August 31, 2011, appellees filed a motion for partial summary judgment, claiming the subject roadways were dedicated public roadways, their use could not be restricted or obstructed, and appellants could not adversely possess the roads.  By decision filed November 29, 2011, the trial court agreed and granted the motion.  Thereafter, appellees dismissed all of their remaining claims against appellants.

{¶4}   Appellants filed an appeal on December 27, 2011 and assigned the following errors:

I

{¶5}   "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DECLARING LAKEVIEW DRIVE AND PARK DRIVEWAY TO BE DEDICATED PUBLIC ROADS."

II

{¶6} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT IN DISMISSING DEFENDANTS' CLAIM FOR ADVERSE POSSESSION."

III

{¶7} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT IN ORDERING THAT NEITHER PARTY MAY ENCUMBER THE ROADWAY IN ANY MANNER."

{¶8} Appellees filed a cross-appeal on January 6, 2012 and assigned the following error:

CROSS-ASSIGNMENT OF ERROR I

{¶9} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN ISSUING A DECLARATORY JUDGMENT ON AN ISSUE NOT BEFORE IT, NAMELY WHETHER THE WASHINGTON TOWNSHIP TRUSTEES HAD A DUTY TO IMPROVE CERTAIN PUBLIC ROADWAYS."

{¶10} This matter is now before this court for consideration.

I, II

{¶11} Appellants claim the trial court erred in granting partial summary judgment to appellees as it was error to find Lakeview Drive and Park Driveway to be dedicated public roads, and erred in dismissing their claim for adverse possession. We disagree.

{¶12} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

{¶13} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶14} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

{¶15} In its judgment entry filed November 29, 2011, the trial court found the following:

{¶16} "It follows that the dedication of the streets and alleys on the plat in question was complete before the recent amendment of section 3583 and that such amendment can therefore not apply.

{¶17} "I am of the opinion, therefore, that where a plat of an allotment outside of a municipality, which is not required to be approved by a city planning commission, was prepared, certified, acknowledged and recorded prior to the amendment of section 3583, General Code, and the enactment of section 3583-1, General Code, in accordance with the statutes then in force, no acceptance by any public authority is

necessary to complete the dedication of the land therein expressed, named, or intended for public use, and such dedication having been completed prior to the effective date of the amendment, such amendment cannot apply therein."

{¶18} In their motion for partial summary judgment filed August 31, 2011, appellees argued Lakeview Drive and Park Driveway were dedicated public roadways pursuant to common law. In support of this claim, appellees point to language in the original plat of 1923 that states, "I hereby certify that I am the Proprietor and Owner of the Sub-Division shown on this Plat and the grounds shown hereon as roads, drives or streetes [sic] are hereby dedicated for public use." See, Motion for Partial Summary Judgment at 2. This dedication was approved and accepted by the Commissioners of Holmes County (Journal 16, Page 81, dated July 15, 1929). See, Shrock aff. at ¶5, attached to Motion for Partial Summary Judgment as Exhibit B, and Commissioners' Journal attached as Exhibit 3.

{¶19} In 1989, a re-plat of the roadway with an updated legal description was filed. See, Shrock aff. at ¶3 and Exhibit 1. Further, the legal descriptions of appellants' parcels in their deeds contain the following notations on the record:

{¶20} Tract 1 – "This parcel contains 2.269 acres, but subject to all easements of record.***See Holmes County Plat Book 19, Page 161 for survey."

{¶21} Tract 2 – "Lots 14, 15, 16, 17, 18, 19, 20, 21, 22, 45, 46, 47, 48, 59, 60, 61, 62, 63, 64 and 65, in said J. L. Regne's second sub-division as recorded in Plat Volume 2, Page 3. Also known as Lakeview Park Subdivision 2."

{¶22} Tract 3 - "Plat Vol. 10, Page 428." See, Exhibit B attached to Complaint filed December 30, 2009.

{¶23} Appellants argue there was no acceptance of the purported roadway dedication in the 1929 plat by a public authority (1928 OAG No. 2118). Further, appellants argue the acceptance language advanced by appellees via the Commissioners' Journal in 1929 was insufficient:

{¶24} " 'Approval of a subdivision plat by county commissioners or township trustees does not make the roads delineated thereon county or township roads.' *State ex rel. Schmardebeck v. Bay Township Board of Trustees,* 1993 Ohio App. LEXIS 6440, citing *Krzewinski v. Eaton Homes, Inc.* (1958), 108 Ohio App. 175, citing Section 711.041, Revised Code. In this statement, the court simply paraphrases Ohio Revised Code 711.041 which states '[t]he approval of a plat by the board of county commissioners shall not be deemed to be an acceptance of the dedication of any public street, road, or highway dedicated on such plat.' " Appellants' September 22, 2011 Response to Motion for Partial Summary Judgment at 4.

{¶25} Appellees point out that because the plat was filed and "accepted" in 1929, the provisions of subsequent statutes and case law do not affect the legality of the acceptance. The trial court determined, and we concur, that the binding law of this case as to the 1929 recording and platting is the law in existence at that time. As appellees stated in their brief at 4:

{¶26} "In 1932, the Ohio Attorney General opined that when the plat of an allotment outside a municipality was prepared, certified, acknowledged, and recorded prior to the enactment of the predecessor to R.C. §711.05 (cited by Defendants) in accordance with the statutes effective at the time, no acceptance by any public authority was necessary to complete the dedication of the land. 1932 OAG No. 4686 (1932). In

other words, the enactment of the statute cited by Defendants did not impose additional requirements upon prior roadway dedications already completed."

{¶27}  In *Robinson v. Swing* (1939), 70 Ohio App. 83, 89, our brethren from the First District stated the following in dicta:

{¶28}  "However, section 6906-1, General Code, is directly in point.  The gist of this section is that the road in question is 'under the control and supervision of the board of commissioners of the county', and that means are provided for 'the maintenance of the streets in such newly platted territory, until such time as such streets shall have been permanently improved.'

{¶29}  "Our attention is directed by the defendants to section 6886, General Code, which provides that persons may dedicate land for road purposes to the county with the approval of the county commissioners."

{¶30}  The *Robinson* court at 86-87 noted the language relative to county roads was included in Section 3583 of the General Code:

{¶31}  "Section 3583, General Code, provides: 'After the plat or map is completed, it shall be certified by the surveyor, and acknowledged by the owner or owners before an officer authorized to take the acknowledgment of deeds, who shall certify his official act on the plat or map.  If any owner is a non-resident of the state, his agent, authorized by writing, may make the acknowledgment.  Such plat or map, and if the execution is by agent, his written authority, shall thereupon be recorded in the office of the county recorder.  Provided, however, that no plat or map certifying lands outside of a municipal corporation, wherein the proprietor shall dedicate public highways, shall be entitled to be recorded without the approval thereon of the county commissioners of

the county wherein such lands are situated, upon the filing of any such plat for record the approval of the county commissioners endorsed thereon shall operate as an acceptance and confirmation of the dedication of the public highways, contained therein, except, however, that nothing herein contained shall be construed to apply to such plats or maps as are required by G.C. § 3586-1 to be approved by a city planning commission.' "

{¶32} We note a challenge that the acknowledgment by the owner was missing or to the 1929 plat in question was not made until appellants' brief to this court. " 'It is well established that a party cannot raise any new issues or legal theories for the first time on appeal.' " *Carrico v. Drake Construction,* Stark App. No. 2005 CA 00201, 2006-Ohio-3138, ¶37, quoting *Dolan v. Dolan,* Trumbull App. Nos.2000-T-0154 and 2001-T-0003, 2002-Ohio-2440, ¶ 7. See also, *Cincinnati Insurance Company v. Colelli & Associates, Inc.* (June 17, 1998), Wayne App. No. 97CA0042 ("The purpose of a reply brief is to respond to matters raised by an opponent's brief.") We conclude the challenge to the plat for lack of acknowledgment or endorsement by the Commissioners is waived.

{¶33} Based upon the case law at the time of the filing of the plat and the notations on appellants' own deeds, that the property was subject to the public highways and/or easements of record, we conclude that although not technically correct, the platting, filing for record, and acceptance of the plat by the Commissioners were sufficient to establish the roads as public roads.

{¶34} Appellants further argue the trial court erred in not addressing their claim for adverse possession. We find this claim fails once the decision is affirmed that the

plat was accepted and the subject roads constitute public roadways. One cannot make a claim of adverse possession on a dedicated and re-platted roadway. *Heddleston v. Hendricks* (1895), 52 Ohio St. 460; *Law v. Lake Metroparks,* Lake App. No. 2006-L-072, 2006-Ohio-7010.

{¶35} Assignments of Error I and II are denied.

III

{¶36} Appellants claim the trial court erred in ordering that neither party may encumber the road.

{¶37} In its judgment entry filed November 29, 2011, the trial court found the following:

{¶38} "***In addition, the township would be only responsible to do minimal maintenance on the road to allow passage, and neither party shall encumber said roadway in any manner."

{¶39} We find the language to be superfluous to the judgment entry and not within the scope of the prayer for relief.

{¶40} Assignment of Error III is granted.

Cross-Assignment of Error I

{¶41} Appellees argue certain language in the judgment entry is unnecessary and should be stricken. We concur.

{¶42} The township trustees were not a party to the action and therefore any language binding them or relieving them of responsibility is unlawful.

{¶43} Pursuant to App.R. 12, the following language is stricken from the November 29, 2011 judgment entry:

{¶44} "***In regard to the public road the Court is not going to place any unnecessary burden upon Washington Township beyond the road as it exists in its present condition.    The trustees are not required to make any unnecessary improvements on said road nor construct additional roadways that were not completed when the lots were laid out.

{¶45} "The Court finds this would be prohibitive as cost basis against the township.    In addition, the township would be only responsible to do minimal maintenance on the road to allow passage***."

{¶46}  Cross-Assignment of Error I is granted.

{¶47}  The judgment of the Court of Common Pleas of Holmes County, Ohio is hereby affirmed in part and reversed in part.

By Farmer, P.J.

Wise, J. and

Edwards, J. concur.


s / Sheila G. Farmer_____


s/ John W. Wise_____


s / Julie A. Edwards_____

JUDGES


SGF/sg 808

[Cite as *Miller v. Miller*, 2012-Ohio-4361.]

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SUSAN R. MILLER, ET AL. | : | |
| | : | |
| Plaintiffs-Appellees | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DWIGHT MILLER, ET AL. | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 11CA025 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Holmes County, Ohio is affirmed in part and reversed in part.  Costs to appellants.

s / Sheila G. Farmer_____

s/ John W. Wise_____

s / Julie A. Edwards_____

JUDGES